64744. NALLEY et al. v. SELECT INSURANCE COMPANY.

QUILLIAN, Presiding Judge.

This is an appeal from a summary judgment in favor of an insurer in an action to recover optional personal injury protection (PIP) benefits on an automobile insurance policy.

Mrs. Kay Nalley had a no-fault auto liability insurance policy with appellee insurer and was struck and killed by a hit and run

driver. Appellants, Mrs. Nalley's surviving children and the administrator of her estate, demanded payment of the basic and full optional PIP benefits under the policy, totalling $50,000, tendering the premium therefor. Appellee paid the basic $5,000 PIP but refused to pay any additional PIP benefits because the policy did not include any optional PIP coverage. Appellants thereupon initiated this suit to collect the full optional coverage alleging that they were entitled to such coverage because appellee failed to offer Mrs. Nalley the opportunity to accept or reject the optional PIP coverage as required by Code Ann. § 56-3404b (b) (Ga. L. 1974, pp. 113, 117; as amended through 1975, pp. 1202, 1206). Cross motions for summary judgment resulted in the grant of such judgment to appellee and denial of same to appellants. *Held:*

Although the policy provided that Mrs. Nalley was insured for basic PIP of $5,000 only, appellants contend that the trial court erred in granting appellee summary judgment as they were entitled to recover the maximum $50,000 PIP because Mrs. Nalley had not been offered the opportunity to accept or reject the optional PIP coverage as required by Code Ann. § 56-3404b (b), supra, and as construed by *Jones v. State Farm &c. Ins. Co.,* 156 Ga. App. 230 (1) (274 SE2d 623). This case has been overruled by *Atlanta Cas. Co. v. Flewellen,* 164 Ga. App. 885 (300 SE2d 166) and is now pending review by the Supreme Court after grant of certiorari.

The record shows that Mrs. Nalley had an existing motor vehicle liability policy with appellee on August 23, 1977 when she executed a supplemental insurance application which gave her the opportunity to select the basic $5,000 PIP coverage or one of three optional PIP coverages up to $50,000. On the single sheet supplemental application there is a box next to each of the four possible PIP coverages, arranged in a vertical row, and the box next to the line entitled "Basic coverage — $5,000" has an X written in it, while the boxes in front of the other PIP options are blank. Further down on the application is the following: "NOTE: STATEMENT OF REJECTION BY NAMED INSURED: I reject all Optional Coverages not requested and completed on application for Family Automobile Insurance Coverages and Supplemental Application for Personal Injury Protection Coverages." Immediately following is Mrs. Nalley's signature and the date. The parties stipulated that the supplemental application was part of the policy in effect at the time of Mrs. Nalley's death.

In addition to the policy and a stipulation of facts, appellee relied on the affidavit of Wilson, an employee of Gulf Insurance Group, of which Select was a part and by whom Mrs. Nalley was also employed, which stated as follows:

"[A]s of August 23, 1977 I held the position of personal lines casualty underwriter. Part of my responsibilities in that capacity . . . included meeting with each employee of the Gulf Insurance Group who had auto insurance with one of the insurance companies of the . . . Group . . . The purpose of said meeting was to present the 'Supplemental Application — Georgia' to the insured, explain its meaning, answer any questions from the insured and then have the insured select the type of no-fault insurance desired, rejecting the other no-fault coverages, and then date and execute the application.

"The procedure described above was followed on August 23, 1977 when I had such a meeting with Mrs. Kay Nalley."

As the foregoing facts show, Mrs. Nalley already had an existing policy with appellee when she executed the supplementary application. Thus, this case is distinguishable from *Jones v. State Farm,* 156 Ga. App. 230, supra, which interpreted Code Ann. § 56-3404b (b), because it clearly falls under § 56-3404b (c), which provides as follows:

"On and after the effective date of this Amendment, all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this Chapter shall be given an opportunity to accept or reject, in writing, the optional coverages required to be offered under this section . . ."

There is no requirement in the foregoing section that separate spaces be completed and signed for each optional coverage. This section only requires that the insured be given the opportunity to accept or reject in writing the optional coverages.

Therefore, we find that appellee has met the requirements of § 56-3404b (c) by demonstrating that optional PIP coverages were expressly offered to and knowingly rejected in writing by Mrs. Nalley. Accordingly, there was no error in granting summary judgment to appellee.

*Judgment affirmed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 12, 1983 —
REHEARING DENIED FEBRUARY 7, 1983 — 

*Patrick J. Fox, Charles B. Graham, Jr.,* for appellants.
*Robert P. Bleiberg, Glenn Frick,* for appellee.
*John R. Rogers, William S. Stone, James E. Butler, Jr., Lamar W. Sizemore, Alfred L. Allgood, Andrew W. Estes, Don C. Keenan,* amici curiae.