66088. ALLSTATE INSURANCE COMPANY v. STAFFORD et al.

QUILLIAN, Presiding Judge.

We granted this interlocutory appeal from the denial of Allstate Insurance Company's motion for summary judgment. Appellee Staffords, husband and wife, had an automobile insurance policy with Allstate from 1973 on. In 1978, when the Staffords were injured

in an automobile accident, their policy contained the minimum personal injury protection (PIP) of $5000, which Allstate tendered to them when they made claim under the policy. Claiming that they were at no time offered the optional PIP coverages required by OCGA § 33-34-5 (Code Ann. § 56-3404b), the Staffords tendered to Allstate an additional premium for the optional PIP coverages. The Staffords brought this action for the optional PIP benefits. Both parties moved for summary judgment, with Allstate presenting evidence that in 1975 it had mailed proper notice of the optional coverages in accordance with the proviso of OCGA 33-34-5 (c) (Code Ann. § 56-3404b) and had received no reply from the Staffords, and the Staffords swearing that they had never received any such notice. Finding that there was a factual issue as to whether the Staffords received notice of the optional coverages, the trial court denied summary judgment to both parties. *Held:*

We reverse.

The result in this case is controlled by our decision in *Wiard v. Phoenix Ins. Co.,* 166 Ga. App. 47 (1) (303 SE2d 161), where on similar facts we said:

"In order to establish that the insurer has complied with the requirements of OCGA § 33-34-5 (c) (Code Ann. § 56-3404b) by giving the insured 'an opportunity to accept or reject, in writing, the optional coverages . . .,' only the following showing is demanded of the insurer: (1) that written notice of the optional coverages (2) bearing prepaid first-class postage and (3) directed to the insured at the address stated in the policy (4) was deposited in the United States mail. In the instant case the [insurer's] submission of the excerpt from his regular business records showing dispatch of the . . . notices in the statutorily prescribed manner constitutes evidence, which is uncontradicted in the record, that the statutorily mandated 'opportunity' was offered. The language of the statute controls here and renders irrelevant the appellant's affidavit of non-receipt.

". . . [The insurer] was entitled to summary judgment. . . . [The insurer's] showing of compliance with the statute's requirements, supra, conclusively negates at least one essential element of the plaintiff's case and establishes that there remains no genuine issue of material fact. [Cits.]"

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 12, 1983 — REHEARING DENIED JULY 22, 1983 —

*A. Martin Kent, R. Stephen Sims, Thomas S. Carlock, R. Clay Porter,* for appellant.

*James K. Lange,* for appellees.
*John R. Rogers, James E. Butler, Jr., Alfred L. Allgood, Andrew W. Estes, Don C. Keenan, Lamar W. Sizemore, Jr., William S. Stone,* amicus curiae.