## 67596. INTERNATIONAL INDEMNITY COMPANY v. WOODS.

BANKE, Judge.

This case is one of the many progeny of *Jones v. State Farm &c. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980), and *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983), involving the liability of motor vehicle accident insurers for optional "no-fault" coverage under OCGA § 33-34-5 (former Code Ann. § 56-3404b) as it existed prior to November 1, 1982.

On January 10, 1977, the appellant insurer issued a policy of automobile liability insurance to the appellee's now-deceased husband, Joe Randall Woods. The policy purported to provide PIP, or "no-fault" coverage, in the minimum required amount of $5,000. However, it is undisputed that the application for the policy did not comply with former Code Ann. § 56-3404b (b) (Ga. L. 1974, pp. 113, 117, § 4 (b)) (later codified as OCGA § 33-34-5 (b)), in that the insured's decision to accept or reject the optional no-fault coverage required by law to be made available to him was not evidenced by a separate signature. In an attempt to correct this deficiency, the appellant sent Mr. Woods a letter on January 26, 1977, informing him that he had purchased only $5,000 in PIP coverage and that he was entitled to purchase an additional coverage in the amount of $10,000, $25,000, or $50,000 for an additional premium of $60, $90, or $150, respectively. The letter stated, "Your lack of response within thirty (30) days means you have rejected all of the above optional coverage." Mr. Woods died the following day, January 27, 1977, as the result of injuries allegedly sustained in a motor vehicle accident, and the appellant subsequently paid the appellee $5,000 in PIP benefits as his statutory survivor. The appellee later tendered the additional premium required for the purchase of PIP coverage totaling $50,000 and demanded payment of an additional $45,000 in survivor's benefits. The appellant rejected this tender, and on January 29, 1982, the appellee filed this suit. This appeal is from the grant of her motion for summary judgment and the denial of the appellant's motion for summary judgment on the issue of the appellant's liability for additional benefits. *Held:*

1. Since the policy application did not contain a separate, signed rejection by the named insured of additional PIP coverage, as required by former OCGA § 33-34-5 (b) (Code Ann. § 56-3404b), the policy is deemed to have provided $50,000 in PIP coverage at the time it was issued. See *Flewellen v. Atlanta Cas. Co.,* supra, 250 Ga. at 712. Even if the notification procedures set forth in former OCGA § 33-34-5 (c) (former Code Ann. § 56-3404b (c); Ga. L. 1975, pp. 3, 4) are

assumed to have been applicable to policies issued after March 1, 1975, as well as to policies already in existence on that date, it does not follow that the appellee's failure to respond to the appellant's letter informing him of his option to accept or reject the optional PIP coverages constituted a rejection of such coverage. Under the terms of subsection c, a failure to respond to such a notification operates as a rejection of the optional coverages only after the passage of 30 days from the date the notice was mailed. By that time, of course, Mr. Woods had been dead for 29 days, and his widow's claim for additional PIP benefits had already been in existence for that period of time. It follows that, pursuant to *Flewellen v. Atlanta Cas. Co.,* supra, the appellant is liable for total survivor's benefits in an amount up to $50,000. No authority for a contrary ruling appears in the Supreme Court's recent decision in *Wiard v. Phoenix Ins. Co.,* 251 Ga. 698 (310 SE2d 221) (1983), or in such prior decisions of this court as *Nalley v. Select Ins. Co.,* 165 Ga. App. 345 (299 SE2d 172) (1983); *Allstate Ins. Co. v. Stafford,* 166 Ga. App. 599 (305 SE2d 163) (1983); and *Doster v. Ga. Farm Bureau Mut. Ins. Co.,* 167 Ga. App. 527 (307 SE2d 34) (1983), since none of those cases involved the death of the named insured or the occurrence of the accident on which the claim was based within the 30-day period after the statutory notice was mailed.

2. The appellee clearly had standing pursuant to OCGA § 33-34-5 (a) (2) (Code Ann. § 56-3404b) to claim as survivor's benefits whatever PIP benefits would have been payable to Mr. Woods had he lived but been totally disabled. As Mr. Woods' surviving spouse, she was also entitled to tender the additional premium for the additional PIP coverage. See *Perry v. Intl. Indem. Co.,* 251 Ga. 709 (309 SE2d 139) (1983).

3. Appellant raises several objections to the form of an affidavit filed by the appellee in opposition to the appellant's motion for summary judgment. However, we find no indication in the record that the appellant evoked any ruling on these objections in the trial court. Furthermore, the record provides a sufficient basis on which to sustain the trial court's ruling without consideration of the affidavit in question.

4. The trial court properly ruled that the issue of the appellant's good faith or lack thereof in refusing to pay the claim was one of fact for the jury. See generally *Binns v. MARTA,* 250 Ga. 847 (301 SE2d 877) (1983). Cf. *Cotton States Mut. Ins. Co. v. McFather,* 251 Ga. 739 (3) (309 SE2d 799) (1983).

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1984 —

Rehearing denied February 15, 1984 — 

*Michael L. Wetzel,* for appellant.
*James B. Franklin,* for appellee.