67595. INTERNATIONAL INDEMNITY COMPANY v. LOTT.

BIRDSONG, Judge.

This is yet another in the long line of cases arising from this court's initial interpretation (*Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623)), reinterpretation (*Atlanta Cas. Co. v. Flewellen*, 164 Ga. App. 885 (300 SE2d 166)), and the Supreme Court's interpretation (*Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673)), of the requirements of former OCGA § 33-34-5 (b), and the application and requirements of OCGA § 33-34-5 (c) as set forth in *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698 (310 SE2d 221) and *Int. Indemnity Co. v. Enfinger*, 170 Ga. App. 443 (317 SE2d 841).

The facts essential to this appeal are basically undisputed. On April 3, 1978, appellant issued a policy of automobile insurance to appellee. The initial application was defective in light of the Supreme Court's holding in *Flewellen*, supra. See *Int. Indemnity Co. v. Enfinger*, supra; *Int. Indemnity Co. v. Reeves*, 165 Ga. App. 730 (302 SE2d 611). However, on May 15, 1978, appellant sent a second letter to appellee purportedly "reoffering," pursuant to OCGA § 33-34-5 (c), optional no-fault benefits. The letter was similar to the letter addressed in *Int. Indemnity Co. v. Enfinger*, supra; therefore, we have already held that this second letter met the standards set forth in *Wiard v. Phoenix Ins. Co.*, supra, p. 700.

The accident in this case occurred on May 31, 1978, prior to the expiration of the 30-day period in which appellee could accept the offer of optional coverage contained in the letter. Appellee did not accept or reject the optional coverage until September 8, 1981. Following the filing of this action by appellee, the trial court granted the insured appellee's motion for summary judgment and denied the insurer appellant's motion for summary judgment on the issue of appellee's entitlement to the additional $45,000 in PIP benefits. *Held:*

1. As stated above, the initial application pursuant to which the insurance policy in question was issued was defective pursuant to OCGA § 33-34-5 (b). *Int. Indemnity Co. v. Reeves*, supra; *Int. Indemnity Co. v. Enfinger*, supra (1).

2. Also as stated above, the second letter forwarded to Lott met the requirements of OCGA § 33-34-5 (c) as enunciated in *Wiard v.*

*Phoenix Ins. Co.,* supra. *Int. Indemnity Co. v. Enfinger,* supra. Although appellee denies receiving the letter, it is undisputed that " '(1) . . . written notice of the optional coverages (2) bearing prepaid first-class postage and (3) directed to the insured at the address stated in the policy (4) was deposited in the United States mail.' " *Stafford v. Allstate Ins. Co.,* 252 Ga. 38 (311 SE2d 437). Consequently, it is clear that appellant made a proper offer of optional coverage pursuant to OCGA § 33-34-5 (c). *Stafford,* supra.

3. The issue concerning the applicability of OCGA § 33-34-5 (c) to post-March 1, 1975, no fault policies was decided adversely to appellee in *Int. Indemnity Co. v. Enfinger,* supra (2). Accordingly, we hold that appellant made an effective offer of optional coverage to appellee pursuant to OCGA § 33-34-5 (c).

4. This case, however, presents the additional question of whether the subsection (c) notice by mail and non-acceptance within 30 days by appellee constitutes a bar to this claim, which arose from an accident that occurred 16 days after the mailing of the offer and 14 days prior to the expiration of the 30-day period during which appellee could accept or reject the offer. Appellee contends that until June 14, 1978, or 30 days after the May 15 mailing, his policy contained the maximum of $50,000 in no-fault coverage pursuant to *Flewellen v. Atlanta Cas. Co.,* supra, 250 Ga. at 712.

We disagree with appellee's contention that his policy contained maximum optional no-fault coverage until June 14, 1978. On May 15, 1978, appellant made an effective offer of optional coverage. *Wiard,* supra; *Enfinger,* supra. Only up until May 15, 1978, due to the defective initial application pursuant to which this policy of insurance was issued, did the policy contain maximum no-fault coverage. *Flewellen,* supra, 250 Ga. at 712. However, upon the issuance of the proper offer pursuant to OCGA § 33-34-5 (c), appellant's continuing but contingent liability for optional benefits was extinguished, subject to appellee's acceptance of that offer. *Stafford,* supra. Thus, the increased no-fault coverage mandated by the Supreme Court's decision in *Flewellen* ceased on May 15, 1978 in the absence of a timely exercise of options by Lott. If appellee had desired his coverage to continue subsequent to that date, he should have accepted the properly-made offer within the 30-day time period.

5. According to appellee's affidavit, he reinjured, while alighting from an automobile, his arm that was originally injured in the May 31 accident, and he was paid an additional $5,000 in basic no-fault benefits. Although the complaint relates solely to the May 31 accident and contains no request for additional compensation as a result of the October accident, appellee argues that "appellant's rejection of [appellee's tender of premiums in September, 1981] was wrongful and would estop [appellant] from denying [appellee's] claims arising from his

October, 1981 accident." Inasmuch as appellee has made no claim for damages arising from the October, 1981, accident, this court is in no position to assess the issue of whether appellant has discharged its obligations pursuant to the subject insurance policy with respect to the October accident. Consequently, we will not address directly any contention relating to the October, 1981, accident.

6. Appellee has admitted appellant's payment of $5,000 in basic no-fault benefits as a result of the May 31, 1978, accident. The record demonstrates without any genuine issue of material fact (OCGA § 9-11-56) appellant's non-liability for optional benefits. Accordingly, the trial court erred in entering summary judgment in favor of appellee and in failing to enter summary judgment in favor of appellant.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED APRIL 11, 1984 —
REHEARING DENIED APRIL 25, 1984 — 

*Michael L. Wetzel*, for appellant.
*William H. Hedrick*, for appellee.

