## 68235. GEORGIA AMERICAN INSURANCE COMPANY v. VARNUM.

BANKE, Presiding Judge.

This is an action to recover optional "no-fault" (i.e., personal injury protection) benefits pursuant to the theory set forth in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). The trial court granted the plaintiff's motion for partial summary judgment on the issue of coverage, and the defendant insurer applied to this court for permission to file an interlocutory appeal. Since a grant of partial summary judgment is appealable in any event (see OCGA § 9-11-56 (h)), we granted the application.

The defendant issued a policy of automobile insurance to the plaintiff on March 18, 1981, covering the period March 13, 1981 to March 13, 1982, and purporting to provide minimum PIP coverage in the amount of $5,000. The plaintiff was injured in an automobile accident on June 5, 1981, following which the defendant paid her the $5,000. The plaintiff later tendered the additional premium required for the purchase of optional PIP coverage in the amount of $45,000, but the defendant has refused to extend such coverage to her. The plaintiff maintains that she is entitled to purchase the additional benefits because the policy application form did not comply with the requirement set forth in OCGA § 33-34-5 (b), as that code section existed in 1981, that a separate signature space be provided for indicating acceptance or rejection of optional no-fault coverage. The defendant asserts that regardless of whether the original application form complied with § 33-34-5 (b), the plaintiff must be deemed to have rejected the optional coverage by failing to respond within 30 days to an offer of such coverage mailed to her on November 6, 1981, pursuant to the then existing version of OCGA § 33-34-5 (c). *Held*:

1. The defendant initially contends that the notice provisions of OCGA § 9-11-56 (c) were violated because, during the 30-day period immediately preceding the hearing on the motion for summary judgment, the plaintiff supplemented the record by amending her complaint and filing several depositions. However, the defendant has not suggested that any of this supplemental material was in any way ger-

mane to the issues involved in the motion for summary judgment, and the material already of record more than 30 days prior to the hearing was clearly adequate to support the court's ruling. Under these circumstances, there was no violation of the 30-day notice requirement set forth in OCGA § 9-11-56 (c). Accord *Smith v. Dixon Ford Tractor Co.*, 160 Ga. App. 885, 887-888 (288 SE2d 599) (1982). The defendant's reliance on *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.*, 157 Ga. App. 448 (278 SE2d 40) (1981), is misplaced, as the moving party there was relying on materials filed at the hearing on the motion for summary judgment. Furthermore, the opposing party in that case, unlike the defendant in the present case, objected to the court's consideration of these materials.

2. The defendant complains that it was not proper to grant summary judgment in the absence of proof of the provisions of the insurance policy in question. However, there has never been any dispute over the provisions of the policy. Rather, the issue is whether the policy application form complied with the requirement of former OCGA § 33-34-5 (b) that a separate signature space be provided for use by the applicant in indicating her acceptance or rejection of the optional coverages. See *Flewellen v. Atlanta Cas. Co.*, supra at 711. A copy of the application form is included in the record, and it clearly contains only one signature space. Consequently, the policy is deemed to have provided $50,000 in no-fault coverage from its inception, regardless of its actual provisions. Id. at 712. Nothing in *St. Paul Fire & Marine Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984), is authority for a different result, as the application at issue in that case contained two signatures, one of which applied solely to the election of optional coverages.

3. Regardless of whether OCGA § 33-34-5 (c), as it existed prior to the enactment of Ga. L. 1982, p. 1234, § 1, was applicable to insurance policies issued on or after March 1, 1975, as well as to policies existing prior to that date, the plaintiff's failure to respond to the defendant's letter of November 6, 1981, offering her an opportunity to accept or reject the optional PIP coverages required by law to be made available to her, did not operate retroactively to deprive her of coverage to which she was already entitled as of June 5, 1981, the date of the accident. See *Int. Indem. Co. v. Woods*, 169 Ga. App. 830 (315 SE2d 20) (1984); *First of Ga. Underwriters Co. v. Beck*, 170 Ga. App. 68 (316 SE2d 519) (1984). Compare *Int. Indem. Co. v. Enfinger*, 170 Ga. App. 443 (317 SE2d 841) (1984). It follows that the trial court did not err in granting the plaintiff's motion for partial summary judgment.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED MAY 29, 1984 —
REHEARING DENIED JUNE 14, 1984 —

*Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellant.
*Kenneth M. Henson, Jr., Millard D. Fuller,* for appellee.