69305. NALL v. INTERNATIONAL INDEMNITY COMPANY.
(326 SE2d 535)

BIRDSONG, Presiding Judge.

This is another appeal from an action founded upon the decisions of *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673). On September 9, 1978, plaintiff Sharon Nall signed an application for an automobile liability policy with the defendant International Indemnity Company (IIC). The policy provided for personal injury protection (PIP) in the minimum amount of $5,000. The policy period extended coverage from February 10, 1978 to February 10, 1979. IIC stated that within 30 days of issuance of the policy, it mailed a letter to Nall offering her the opportunity to purchase optional PIP coverage up to $50,000. An assistant secretary of the IIC

underwriter testified that the letter was mailed to plaintiff at the address shown on her insurance policy by first class mail. In addition, a second letter addressed to the same location was sent to plaintiff on March 1, 1978, offering the same optional coverages. It also was sent by first class mail and a copy of the letter was stamped by a postal meter reflecting the amount charged by the post office to acknowledge receipt of the letter and to show the date of mailing. No response was received from Nall nor was the letter returned as undeliverable.

On December 12, 1978, plaintiff was injured in an automobile collision, and she alleges she incurred medical expenses of $8,500 and lost wages of $14,590.16. IIC tendered, and Nall accepted, a check for coverage under the policy for $5,000. On October 22, 1980, this court issued *Jones*, supra. On October 6, 1981, plaintiff notified IIC of her election to accept the maximum amount of optional PIP coverage and inquired as to the amount of the premium — offering to pay such amount. IIC apparently did not respond and this action was filed. Plaintiff amended her complaint to add a count alleging a violation of her "civil rights" under three U. S. Code sections. Defendant moved to dismiss this count, which was granted. Plaintiff has not enumerated this dismissal as error, and it will not be addressed. Both parties moved for summary judgment. The trial court granted defendant's motion, effectively denying plaintiff's motion. Plaintiff brings this appeal enumerating as error the grant of defendant's motion for summary judgment and the denial of her motion. *Held*:

1. The application for insurance in the instant case is composed of one page, with information regarding the applicant, the car, selection of coverages and amounts, being on the front side, with premium terms and conditions, and the signature of the applicant on the reverse side of the application. There is no space for a signature on the front side or anywhere near the coverages or amount of PIP selected by applicant. This application does not comply with the code in effect at the time of submission of this application — Code Ann. § 56-3404b (b) (now OCGA § 33-34-5 (b)), which requires the application to contain separate spaces for the insured to indicate acceptance or rejection of optional coverages and signature of the applicant. *Jones*, supra; *Intl. Indem. Co. v. Reeves*, 165 Ga. App. 730 (302 SE2d 611); *Flewellen*, supra.

Even if the original application is defective, can it be cured by a subsequent offer to the insured under Code Ann. § 56-3404b (c) (now OCGA § 33-34-5 (c)), which complies with the mandate of Code Ann. § 56-3404b? Code Ann. § 56-3404b was amended by Ga. L. 1975, p. 3, to provide that "all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this Act shall be given an opportunity to accept or reject, in writing, the optional

coverages required to be offered under this Section. Provided however, that the failure of an insured to notify his insurer of his written acceptance or rejection within 30 days after written notice of the offer has been mailed by the insurer postage prepaid, by first class mail to the address stated in the policy, shall constitute a rejection of the optional coverage." This act was made applicable only to "existing motor vehicle liability policies" as of the date of the original Act, March 1, 1975. Hence, a mailer offering the optional coverages required to be offered under Code Ann. § 56-3404b, on policies not in existence on March 1, 1975, will not cure a defective application. *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185 (317 SE2d 816).

Defendant contends this court should not apply *Enfinger* retroactively inasmuch as *Enfinger* was issued on June 29, 1984, and this policy and the accident covered by the policy occurred in 1978. Our Supreme Court has held that "a reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law." *Osteen v. Osteen*, 244 Ga. 445, 446 (260 SE2d 321). IIC had no vested right under the imperfect contract which did not comply with the applicable statutes.

We note at the outset that *Jones*, supra, *Flewellen*, supra, and *Enfinger*, supra, all interpret related issues under the same or related statutes, involving viability of optional no-fault coverage. Stated another way, these related cases interpret related statutes, involving related problems, within the same time frame, March 1, 1975, the effective date of the Georgia Motor Vehicle Reparations Act (no-fault), to the date of the vehicle collision giving rise to a claim of optional no-fault insurance coverage. Hence, the analysis here is not retrospective application of a decision, but it is our interpretation of the same statutes, under a similar factual predicate, and the result we reach is a decision which is similar to the earlier decision. Thus, even if we could disregard *Enfinger* as a precedent, our interpretation of the same statute under similar facts would probably be the same.

Accordingly, we have found that the initial application did not comply with the statute and IIC's attempted cure under Code Ann. § 56-3404b (c) was not applicable to insurance policies which came into existence after March 1, 1975. The insurance contract must be construed in light of the applicable statute which states that $50,000 PIP coverage is the least the insurer may offer. Code Ann. § 56-3404b (a) (1). This statute also requires that the offer of coverage be refused only in writing. Code Ann. § 56-3404b (b). "In the absence of such a

rejection, the policy, therefore, provides $50,000 PIP coverage from its inception. The insured has the right to demand and receive the benefit of $50,000 coverage upon tender by the insured of such additional premium as may be due and filing of proof of loss by the injured party." *Flewellen*, supra, p. 712. The trial court erred in granting summary judgment to IIC.

2. Plaintiff sought additional damages as a penalty, attorney fees, and punitive damages for the refusal of IIC to pay her claim for additional PIP coverage. Code Ann. § 56-3404b (c) (now OCGA § 33-34-5 (c)) states that "[o]n and after March 1, 1975 [the effective date of this Amendment], all named insureds . . . who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this chapter" could be given another opportunity to accept or reject, in writing, by first class mail to the address stated in the policy and that a failure to respond would constitute a rejection. In *Nalley v. Select Insurance Co.*, 165 Ga. App. 345 (299 SE2d 172), cert. vacated, 251 Ga. 722 (313 SE2d 465), this court held that compliance with Code Ann. § 56-3404b (c) could cure the fault in the original application for optional PIP benefits. The Supreme Court, in *Enfinger*, supra, decided June 29, 1984 (rehearing denied, July 25, 1984), first held that subsection (c) of OCGA § 33-34-5 (formerly Code Ann. § 56-3404b (c)) applied only to policies in existence on March 1, 1975, "and not those which came into existence after that date." Id. p. 186. Accordingly, as the insurer attempted to comply with Code Ann. § 56-3404b (c) to cure the defective application by again offering optional PIP coverage in a form in compliance with *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698 (310 SE2d 221) (*Enfinger*, supra), and *Nalley*, supra, can be read as approving such remedy, we find that plaintiff was not entitled to bad faith penalties, attorney fees, or punitive damages during the pendency of *Enfinger*. See *Government Employees Ins. Co. v. Mooney*, 250 Ga. 760, 763 (300 SE2d 799); *Cotton States Mut. Ins. Co. v. McFather*, 251 Ga. 739, 743 (309 SE2d 799), U. S. cert. denied, 104 SC 2336. The trial court did not err in denying summary judgment to the plaintiff.

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 22, 1985.

*Gaines C. Granade*, for appellant.
*J. Loren Fowler, Michael L. Wetzel*, for appellee.