70566. INTERNATIONAL INDEMNITY COMPANY v. WOODS.
(333 SE2d 640)

BANKE, Chief Judge.

This case began in 1982 as an action by the appellant insurance company for a declaratory judgment to determine its liability for payment of optional no-fault survivor's benefits to the appellee, under a policy of motor vehicle liability insurance issued to her deceased husband. The appellee counterclaimed to recover optional benefits in the amount of $45,000, as well as to recover a bad-faith penalty, punitive damages, and attorney fees. She was awarded summary judgment on the issue of the appellant's liability for the optional benefits, and that judgment was affirmed by this court in *Intl. Indem. Co. v. Woods*, 169 Ga. App. 830 (315 SE2d 20) (1984), cert. den. With regard to the remaining claims for a bad-faith penalty, punitive damages, and attorney fees, we ruled that "the issue of the appellant's good faith or lack thereof in refusing to pay the claim was one of fact for the jury." Id. at 831. That decision was rendered on February 3, 1984. The Supreme Court denied the appellant's application for certiorari on April 6,

1984, and denied its motion for reconsideration on May 1, 1984. On May 22, 1984, less than 30 days later, the appellant paid the appellee the contested $45,000 in optional benefits. Thereafter, the case went to trial on the issue of whether the appellant had acted in bad faith in refusing to pay the claim. A jury awarded the appellee a bad-faith penalty in the amount of $11,250, attorney fees in the amount of $18,000, and punitive damages in the amount of $75,000. This appeal followed.

At the trial, the appellant's vice-president in charge of claims testified that the company had resisted the appellee's claim for optional benefits because it had received no response to a letter sent to her husband pursuant to OCGA § 33-34-5 (c), as that code section existed prior to its amendment by Ga. L. 1982, p. 1234, § 1, offering him the opportunity, as the named insured, to accept or reject optional no-fault coverage. That letter was mailed on January 26, 1977. The appellee's husband died the following day, as the result of the motor vehicle collision which gave rise to this claim.

In the prior appeal of the case, we held that because the fatal accident had occurred before the expiration of the 30-day period allowed for a response to a § 33-34-5 (c) letter, the appellee's husband could not be deemed to have rejected the optional coverage prior to the accident. Consequently, we ruled that the optional coverage was in existence on the date of the accident, subject only to the tender of the additional premium. However, on April 11, 1984, some two and a half months after that decision, this court reached a contrary conclusion on the same issue in *Intl. Indem. Co. v. Lott*, 170 Ga. App. 728 (318 SE2d 150) (1984), holding in that case that upon the *mailing* of a § 33-34-5 (c) notice, "[the insurer's] continuing but contingent liability for optional benefits was extinguished, subject to [the insured's] acceptance of that offer." Id. at 729. *Woods* was subsequently cited and followed in *Ga. American Ins. Co. v. Varnum*, 171 Ga. App. 190 (318 SE2d 814) (1984), and *First of Ga. Underwriters Co. v. Beck*, 170 Ga. App. 68, 69 (316 SE2d 519) (1984). *Lott* has not been cited or followed in any subsequent decisions.

The appellant understandably contends that because two different divisions of this court have reached opposite conclusions on the issue of whether the insurer's liability for optional no-fault benefits is extinguished upon the mailing of a § 33-34-5 (c) notice, its reliance on such a defense cannot be characterized as unreasonable. The appellee, on the other hand, contends that this court's ruling in the prior appeal of this case to the effect that the appellant's good faith or lack thereof was for a jury to resolve constitutes the law of the case, thus precluding any renewed consideration of the issue. *Held*:

1. Our prior ruling that the issue of bad faith was for the jury was based on the record before the trial court at the time it ruled on the

appellee's motion for summary judgment. The case has since been tried, and the appellant's vice-president in charge of claims has testified without contravention that the company resisted the claim in reliance on what it believed was a valid defense based on its failure to receive a response to the § 33-34-5 (c) notification letter. In view of the fact that a panel of this court has subsequently rendered a decision which supports that reliance, we must now conclude that the theory upon which the appellant resisted the claim was not frivolous or unfounded but was reasonable as a matter of law. See generally *Bituminous Cas. Corp. v. Mowery*, 145 Ga. App. 45, 54 (244 SE2d 573) (1978). It follows that the appellant may not be held liable for a bad-faith penalty, punitive damages, or attorney fees pursuant to OCGA § 33-34-6 and that the trial court erred in denying the appellant's motion for directed verdict on the issue. Accord *Falagian v. Leader Nat. Ins. Co.*, 167 Ga. App. 800 (307 SE2d 698) (1983); *Fortson v. Cotton States Mut. Ins. Co.*, 168 Ga. App. 155 (1) (308 SE2d 382) (1983).

2. In light of the Supreme Court's recent decision in *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185 (317 SE2d 816) (1984), it is now clear that because the insurance policy at issue in this case was not existent on March 1, 1975, but was issued after that date, the named insured's failure to respond to the § 33-34-5 (c) letter could not have operated as a defense to the appellee's claim for optional benefits, regardless of when the accident occurred. However, because that decision was issued subsequent to the trial of the present case and because it overruled a contrary holding by this court in *Intl. Indem. Co. v. Enfinger*, 170 Ga. App. 443 (317 SE2d 841) (1984), it does not affect our determination that the appellant's refusal to pay in the present case was reasonable as a matter of law. Accord *Nall v. Intl. Indem. Co.*, 173 Ga. App. 332, 335 (326 SE2d 535) (1985).

3. We take this opportunity to overrule *Intl. Indem. Co. v. Lott*, supra, based on the fact that it is a single panel decision in conflict with the prior holding of this court in *Intl. Indem. Co. v. Woods*, supra. Additionally, we note that, in a case involving application of the current version of OCGA § 33-34-5 (c) (Ga. L. 1982, p. 1234, § 1), the Supreme Court has recently ruled that an insured's claim for optional no-fault benefits is deemed to have accrued on the date of the accident. See *Mullins v. First Gen. Ins. Co.*, 253 Ga. 486, 487 (322 SE2d 265) (1984).

4. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Pope, Sognier, Benham, and Beasley, JJ., concur.*

Decided June 26, 1985 —
Rehearing denied July 15, 1985 — 

*Michael L. Wetzel*, for appellant.
*James B. Franklin, Becky J. Dasher*, for appellee.