73284. RUTHERFORD et al. v. GOVERNMENT EMPLOYEES INSURANCE COMPANY.
(353 SE2d 5)

SOGNIER, Judge.

Toxey E. and Mable Rutherford were insureds of Government Employees Insurance Company (GEICO) prior to the adoption of the

Georgia Motor Vehicle Accident Reparations Act ("No-Fault" Act, OCGA § 33-34-1 et seq.). Thereafter, they renewed their policy annually, purchasing minimum coverage. In 1981 they were involved in an automobile accident and their claim was timely paid by GEICO up to the limits of the policy. The Rutherfords brought suit against GEICO for optional PIP benefits. The trial court granted summary judgment in favor of GEICO and the Rutherfords appeal.

Appellants contend the trial court erred by granting judgment to appellee as a matter of law because appellee failed to establish with specificity that a mailing which offered optional coverage was actually accomplished, or that it was sent to appellants. Contrary to appellants' argument, we find that the facts in this case are indistinguishable from those in *Allstate Ins. Co. v. Stafford*, 166 Ga. App. 599 (305 SE2d 163) (1983), aff'd *Stafford v. Allstate Ins. Co.*, 252 Ga. 38 (311 SE2d 437) (1984). In both cases, in support of its motion for summary judgment, the insurer presented affidavits and depositions of employees who did not themselves mail any notices but who supervised mass mailings of notices offering optional coverage to all existing policyholders, as required by OCGA § 33-34-5 (c). Neither in *Stafford*, supra, nor in the case sub judice was the alleged mailing to the particular insured corroborated specifically by postal receipts or by reference to computer printouts. In both cases, the insured presented affidavits which denied receipt of any notices.

On those facts the Supreme Court held that the evidence presented was sufficient to show "proper mailing of an adequate document. Actual receipt is not required and . . . evidence of nonreceipt is not evidence of failure to mail. It was proper for the trial court to grant summary judgment to the insurer." *Stafford*, supra at 39 (1). We, therefore, find no error in the trial court's grant of summary judgment to appellee. Id.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 7, 1987.

*G. Michael Agnew*, for appellants.
*Ronald W. Self, Daryl J. Morton*, for appellee.