COLUMBUS BANK & TRUST CO., administrator, *v*. JONES.

No. 8964.   FEBRUARY 27, 1933.

*Slade, Swift, Pease & Davidson,* for plaintiff in error.

*G. Y. Tigner, Foley & Chappell,* and *A. W. & John G. Cozart,* contra.

ATKINSON, J. (After stating the foregoing facts.)

The court did not err in overruling the general demurrer. Petitions setting up a case of virtual adoption upon somewhat similar facts have been discussed in a number of cases decided by this court. The rights of petitioner under the facts alleged were discussed at length in *Crawford* v. *Wilson,* 139 *Ga.* 765 (78 S. E. 30, 44 L. R. A. (N. S.) 773). In that case it was said in part: "The authorities very generally establish the proposition that a parol obligation by a person to adopt the child of another as his own, accompanied by a virtual though not a statutory adoption, and acted upon by both parties during the obligor's life, may be enforced, upon the death of the obligor, by adjudging the child entitled as a child to the property of the obligor who dies without disposing of

his property by will." A number of cases supporting the doctrine were cited. Under the allegations in the petition in the present case, the agreement to adopt and the adoption were clearly shown; and these allegations are to be taken as true as against the demurrer. It is true that it does not appear from the petition that petitioner continued, after she was of age, to stay with her foster parents, and it appears that she married and went to the home of her husband. However, this marriage in no way affected the contract, because it was with the consent and approval of the foster parents. She removed from the home of her natural parents and went to the home of her foster parents, and continued there to perform the duties of a child, and received the attention and care that a child would receive. She was sent to various schools and sent to Atlanta and New York for treatment, which apparently, it was hoped, would give her the power of speech. The allegations make out a clear case of virtual adoption, and the court did not err in overruling the general demurrer.

Nor did the court err in overruling the special demurrer based upon alleged nonjoinder of essential parties. The suit was properly brought against the administrator. It was so ruled in *Crawford* v. *Wilson*, supra, and in *Copelan* v. *Monfort*, 153 *Ga.* 558 (113 S. E. 514).

*Judgment affirmed. All the Justices concur.*