## 50044. ERBER v. INSURANCE COMPANY OF NORTH AMERICA.

BELL, Chief Judge.

Plaintiff sued for medical payments under an automobile insurance policy. Defendant denied liability for failure of the plaintiff to comply with the requirement of the policy that written proof of the claim should be given as soon "as practicable." Defendant's motion for summary judgment was granted.

There is no dispute that plaintiff was involved in a collision on January 26, 1971. On December 22, 1972 [22 months after the collision] defendant received plaintiff's written notice of claim for medical payment under the policy. The defendant by its evidence showed that it had received no other notice of any kind of the accident. Plaintiff's wife in an affidavit stated that she felt "sure" that when the collision occurred "I must have called and reported the matter" to plaintiff's insurance agent by telephone, "but in view of the length of time that has passed since the collision . . . , it is difficult for me to be positive as to whether I called the agency on this particular incident." Plaintiff in his affidavit set forth reasons why he did not submit an earlier report of his injuries to the defendant. Plaintiff testified by deposition that he, at some unspecified time, reported to his insurance company that his car was damaged in an accident. *Held:*

1. The affidavit of plaintiff's wife is insufficient to raise any jury question as to whether oral notice of the accident was given or that there was a waiver of the written notice requirement of the policy. The statement of the wife has no probative value. Stating that she felt "sure" she made the report is a mere conclusion or opinion and not admissible in evidence. *Aldridge v. Dixie Fire &c. Ins. Co.,* 223 Ga. 130, 132 (153 SE2d 723). Nor does the testimony of plaintiff that he had reported that his car was

damaged in an accident raise a material question of fact as to whether notice was given of his claim for medical payments under the policy.

2. Generally, the time limitations in an insurance policy requiring a written report of a claim, the diligence of the beneficiary in giving notice and the sufficiency of an offered excuse in making a delayed report are questions of fact for jury determination. *Norfolk &c. Fire Ins. Co. v. Cumbaa,* 128 Ga. App. 196 (2) (196 SE2d 167). Here, plaintiff admits in his affidavit that shortly after the collision he was aware that he had sustained personal injury to some extent; that after seeking medical attention and while being treated which included surgery, he was "too ill and in too much pain to give any serious thought to my rights under the policy sued upon . . ." and "was not aware until after surgery. . . that the policy in question provided the benefits that are sued for in this action until I consulted my attorney more than nine months after this collision." Thus, in about October 1971, plaintiff was aware that he had a claim under the policy for medical payments but took no action until December 1972 to make claim on defendant. No excuse is offered for failure to make a claim during this approximate fourteen month period. Under these facts plaintiff's failure to give written notice of claim was unreasonable as a matter of law for the evidence demands that he had early notice of injury and his rights under the policy and failed to give notice "as soon as practicable." *Edwards v. Fidelity &c. Co.,* 129 Ga. App. 306 (199 SE2d 570).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 6, 1975 — DECIDED APRIL 24, 1975.

*Daniel C. B. Levy,* for appellant.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Edward C. Stone,* for appellee.