### 30049. DAVENPORT v. IDLETT et al.

JORDAN, Justice.

This is an appeal from the overruling of appellant's motion to vacate and set aside a default judgment.

Major Davenport died intestate on June 13, 1974, leaving an estate of real and personal property. Joseph Davenport, the appellant herein, was appointed administrator of his estate. Pursuant to court order the realty was sold in November 1974. Prior to the distribution of the assets held by the administrator, the appellees, alleging themselves to be the illegitimate children of Major Davenport, filed an action for specific performance of an alleged agreement between them and

the deceased to make a will devising all property of the deceased to them, and further alleged that the deceased had agreed to take the necessary action to legitimate them. They further alleged that they had performed valuable services for the decedent on his farm. This action was brought against the appellant as administrator and prayed for specific performance of the agreement of the deceased to make a will in favor of the appellees and that distribution be made to them of the proceeds of the sale of the assets of the estate after payment of debts.

The appellant administrator failed to file any answer or other defensive pleadings to this petition and a default judgment was entered on December 20, 1974, requiring the appellant to specifically perform the agreement to make a will between the plaintiffs and the deceased and requiring the appellant to convey and transfer to the plaintiffs all the property remaining in said estate after the payment of debts and expenses.

Subsequent thereto the appellant made a motion to open the default and filed an answer to said petition. The motion to open the default was denied on February 14, 1975, and this order is unappealed from.

The appellant then made a motion pursuant to Code § 81A-160 to vacate and set aside the default judgment on the ground that the court was without jurisdiction to enter the default judgment on December 20, 1974 since the heirs at law of Major Davenport were necessary and indispensable parties and were not joined in said action. This motion was overruled by order of the trial court dated March 28, 1975, said order holding that "the heirs at law of the deceased were not indispensable parties to the action, since the defendant administrator is the legal representative of the deceased, for and on account of the heirs at law." From this judgment overruling his motion to vacate and set aside the default judgment the appellant filed his timely notice of appeal.

The only issue presented on this appeal is whether or not the heirs at law of Major Davenport were necessary and indispensable parties to this action. Since the amendment to Code § 81A-160 (Ga. L. 1974, p. 1138) a motion to set aside a judgment based upon lack of jurisdiction will lie regardless of whether such lack of

jurisdiction appears upon the face of the pleadings. Code §. 81A-160 (d).

We have concluded that under the facts of this case that the heirs at law, while they might have been proper parties, were not necessary or indispensable parties to this action and that there were no "compelling reasons" to join them as parties defendant. See *Peoples Bank of LaGrange v. North Carolina Nat. Bank,* 230 Ga. 389, 392 (197 SE2d 352).

The record discloses that the administrator-appellant is the brother and among the next of kin, and thus a co-heir, of the decedent. We assume that he was selected by a majority of the next of kin to be the representative of the estate as provided in Code § 113-1202.

The record is also clear that pending this action and prior to the entry of the default judgment the administrator had sold the real estate belonging to the estate, thus converting all of the assets of the estate into personalty. While the title to realty vested immediately in the heirs at law upon the death of the decedent, the sales of the realty divested them of such legal title and placed the title to the personal property of the estate in the administrator for the benefit of the heirs and the creditors. Code § 113-901. It is the duty of an administrator to defend all claims against the estate, whether arising ex contractu or ex delicto, and he is thus a necessary party to such a claim. "The administrator is in law the personal representative of the deceased. He is, for all practical purposes involving the administration of his affairs, a legal substitute for the deceased . . . It is his duty to represent the estate in any litigation in which it may become involved, to prosecute suits in favor of and defend suits against the estate he represents . . . As against persons preferring claims against the estate, the administrator likewise stands as the representative of the estate and its interests, for and on account of heirs at law and all other creditors." *Morris v. Murphey & Co.,* 95 Ga. 307, 310 (22 SE 635).

A judgment against an executor setting aside a will is binding upon the legatees although they were not parties. See *Brown v. Anderson,* 13 Ga. 171, where the

court said at p. 184, "They were represented in court by him so far as the validity of the will is concerned; they had their day in court, and were heard through him on the issue of devisavit vel non."

In *First Nat. Bank v. Holderness,* 189 Ga. 819 (7 SE2d 682), the plaintiff sought to enforce an alleged agreement with his father prior to his death that the father would give the farm involved to the plaintiff if he would manage, control and operate the same. It was alleged that the father died and in making his will did not leave the farm to the plaintiff. As to the parties to such action the court said at p. 824, "In order to have the alleged contract between the parties specifically performed, the only necessary and essential party is the executor of the father's estate, because, on the death of the testator, any outstanding contracts that should be performed would rest on the executor, if there was a will, and, in the absence of a will on the administrator of the father's estate. The real contest is as to whether this farm is the property of the son or the property of the estate. The theory of the plaintiff's case is that by reason of the agreement with his father, and his carrying out the agreement, the farm as a matter of equity belongs to him, and that equity should require the executor to do what his father, the testator, ought to have done before his death. The heirs, as remaindermen, do have a pecuniary interest in the estate, and what is taken and given to one would, of course, deprive others of the ultimate amount they might be entitled to receive; but that is necessarily true as to any claim, whether on contract or debt, that is made against an estate."

The same result has been reached in cases alleging virtual adoption contracts made by a decedent during his lifetime. In such cases it has been clearly held that the action is one against the executor or administrator of the deceased, and the heirs of the estate in which the adopted child claims a part are not necessary parties to the action. *Columbus Bank &c. Co. v. Jones,* 176 Ga. 620 (168 SE 561); *Copelan v. Monfort,* 153 Ga. 558 (113 SE 514).

Appellant cites a California case where under a similar factual situation it was held that the heirs or legatees and not the executor or administrator were

necessary parties. In re McSweeney's Estate, 236 P. 2d 846. That state has also held that where the personal representative is also a co-heir (as in this case), the other co-heirs are not indispensable parties. Rundell v. McDonald, 62 Cal. App. 721 (217 P 1082). The case of *Massell Realty Co. v. Hanbury*, 165 Ga. 534 (141 SE 653), cited by appellant, involved an action for specific performance of a contract for the sale of land and is not applicable to the facts of this case.

For the reasons stated above we conclude that the trial court did not err in overruling the appellant's motion to vacate and set aside the default judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 17, 1975 — DECIDED SEPTEMBER 2, 1975.

*E. B. Shaffer,* for appellant.
*Myers & Parks, John R. Parks,* for appellees.