## 54023. SHIELD INSURANCE COMPANY v. KITT et al.

MARSHALL, Judge.

Appellant, Shield Insurance Company, appeals the declaratory judgment of the trial judge sitting without a jury in favor of the appellees, Mr. and Mrs. Kitt, concluding that the appellant as insurer waived, or was estopped to invoke, the notice requirements of uninsured motorist coverage contained in a policy of insurance following the death of the Kitts' three-year-old daughter caused by a drunken and uninsured driver.

The unusual facts of this case are that Mr. Kitt had automobile insurance with appellant, Shield Insurance Co. Mr. Kitt's insurance dealings were, and had been for five years, with the local agent of Shield Insurance Co. The policy of insurance provided for uninsured motorist coverage, and required that the insured give the insurer notice of an accident not later than 60 days following the accident. By the terms of the contract, the giving of notice within the requisite time was "a condition precedent to the existence of any coverage under this policy and of the company's obligation to defend any claim. . ."

On August 15, 1975, a drunken driver drove into a group of children and killed the Kitts' three-year-old daughter. That same day, Mr. Kitt was informed that the driver probably was uninsured. Four days later, on August 20, 1975, either Mr. or Mrs. Kitt appeared at the office of the appellee's agent, and paid the monthly premium on the automobile insurance policies issued to the Kitts by the appellant. Such premiums were paid

twice again on or before October 1, 1975. On one of these occasions Mr. Kitt informed the agent, "I came to pay my insurance because Mr. Freeman [the uninsured motorist causing the death of the child] ran over my daughter and had no insurance." The trial court also found that the agent had read of the accident, and was aware that the child had been killed. The trial court found as a fact, and it is apparent, that neither the father nor the agent was aware that the provisions of the policy cover uninsured motorists under such a circumstance as that involved in the death of the child. As a result, the father did not make any immediate effort to file a claim against the appellant, though certain expenses were in fact paid by the appellant at a later date. The first formal notice of claim occurred 123 days after the accident, when a copy of a complaint against Mr. Freeman was served upon the appellant. The appellant then sought this declaratory judgment to determine if it was required to answer or defend under the uninsured-motorist provisions of the policy. The trial judge found in a clearly reasoned finding of facts that the appellant through its agent was aware of the accident within the 60-day notice period, and that the agent was under an equitable obligation or duty to act upon the information and to inquire further so as to establish the existence of a claim under the policy. Relying upon Code § 37-116 and *Interstate Life &c. Co. v. Wilson,* 52 Ga. App. 171, 177 (183 SE 672) (1935), the judge held that, because of the "attention-exciting" nature of the information furnished by Mr. Kitt, the appellant was estopped to deny the timely receipt of notice of the occurrence giving rise to the claim, and consequently of the claim itself. The appellant enumerates as error, upon several grounds, these findings of the trial judge. *Held:*

There can be no question that the appellant through its agent was aware that an accident involving a member of the family of one of its insureds had been killed, and that the accident involved an uninsured motorist. It is equally certain that neither the insured nor the insurer initially was aware that the accidental death was covered by the uninsured-motorist provisions of a policy issued by the appellant. Finally, it is clear that a claim, as such, for

the wrongful death was not submitted until the 123rd day, long after the 60-day notice requirement of the pertinent policies.

We first reach a conclusion that the notice provisions of the policy were intended to require, not simply that an accident had occurred, but that the insured place the insurer on notice (1) that an accident had occurred, and (2) that the insurer could expect a claim to be forthcoming either from or against the insured. For instance, in a situation in which damages of less than $100 were incurred and the insured had $100-deductible protection, it hardly can be gainsaid that acquainting an insurance agent of such an accident is the placing of a claim against the insurer. Thus, merely acquainting the agent in this case of an accident, was not the same as giving notice of a claim, particularly where the evidence is undisputed that the insurer consciously did not intend to file a claim until after the 60-day period required by the policy had expired.

Nevertheless, we must decide whether the "attention-exciting" information that a death had resulted through the negligence of an uninsured motorist, required the agent to examine the policy and determine that the accident indeed was covered by the policy and constituted a claim. This involves a question of the applicability of constructive, as opposed to actual, knowledge. It is well settled that an insurance company is charged with knowledge of all pertinent facts which have come to the knowledge of its duly authorized agents; and, thus, notice to an agent is notice to the principal. This is implied actual notice, and actual notice to the agent is imputed to the principal; but the rule does not include implied constructive notice, and charge the principal with implied knowledge of facts which the agent might, in the exercise of ordinary care, have acquired, but did not in fact possess, because he did not use ordinary diligence. *Wiley v. Rome Ins. Co.,* 12 Ga. App. 186, 188 (76 SE 1067) (1912). Because actual knowledge is required, it has been held that the provisions of Code § 37-116 have no application to the subject of waiver, as related to conditions imposing forfeitures in contracts of insurance. *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 629 (174 SE2d 570) (1970) and cits. It has further been held that

the application of presumptive knowledge as a matter of law is error of such magnitude as to require a new trial. *Penn. Mut. Life Ins. Co. v. Blount,* 37 Ga. App. 756 (1) (142 SE 183) (1928).

The conclusions above stated are consistent with the principles that notice provisions in an insurance contract are binding and are conditions precedent to an action against the insurer when so provided in the insurance policy. *Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281 (2) (187 SE2d 312) (1972). Further, investigation of a possible loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim, does not constitute waiver. Ga. L. 1960, pp. 289, 671 (Code Ann. § 56-2428 (3)); *Buffalo Ins. Co. v. Star Photo Finishing Co.,* 120 Ga. App. 697 (2e) (172 SE2d 159) (1969).

Appellate courts will labor to retain intact, verdicts returned by juries or by a judge sitting without a jury. However, we are also duty bound to be just, before we are generous. *Penn. Millers Mut. Ins. Co. v. Heule,* 140 Ga. App. 851, 854 (232 SE2d 267) (1976). Therefore, based upon the foregoing, we must conclude that the trial judge erred in holding in his declaratory judgment that constructive knowledge of a claim was imputable to the agent. It follows that the appellant was not estopped to deny that it had notice of the claim within the 60-day notice period required by the policy as a condition precedent to a claim against the appellant.

*Judgment reversed. Webb, J., concurs. Deen, P. J., concurs in the judgment only.*

ARGUED JUNE 6, 1977 — DECIDED JULY 11, 1977 — REHEARING DENIED JULY 27, 1977 —

*Spivey & Carlton, J. Franklin Edenfield,* for appellant.

*Surrett, Thompson, Bell, Choate & Walker, J. Samuel Choate, Jr., John C. Bell, Jr.,* for appellees.