## 67604. FIRST OF GEORGIA UNDERWRITERS COMPANY v. BECK.

BANKE, Judge.

This is another case involving OCGA § 33-34-5 (formerly Code Ann. § 56-3404b) as it existed prior to November 1, 1982, pertaining to optional "no-fault" personal injury protection (PIP) benefits. This particular controversy has been the subject of previous litigation before this court. Appellee Ann Beck had sued both First of Georgia Underwriters Company (FGU) and her insurance agency, alleging that she had been denied personal injury protection (PIP) and uninsured motorist coverage because of fraudulent acts by an employee of the agency. In Beck v. First of Ga. Underwriters Co., 157 Ga. App. 73 (276 SE2d 124) (1981), this court affirmed a grant of summary judgment to FGU on the ground that the agency in question had acted on her behalf rather than FGU's. Following that decision, Beck tendered to FGU an additional premium payment for the purchase of optional PIP benefits, and FGU thereafter filed a petition for declaratory judgment to determine its liability to her. After extensive discovery, the trial court granted partial summary judgment to Beck as to FGU's liability for minimum PIP coverage pursuant to OCGA § 33-34-4 but deferred ruling as to the company's liability for optional PIP benefits, pending interpretation of former OCGA § 33-34-5 (b) by the appellate courts. After the Supreme Court decided Flewellen v. Atlanta Cas. Co., 250 Ga. 709 (300 SE2d 673) (1983), the trial court granted Beck's motion for summary judgment as to "liability for additional PIP" and denied FGU's motion for summary judgment as to the same issue. The trial court also denied a motion by FGU to require another insurance carrier to join in the action either as a co-plaintiff on the petition for declaratory judgment or as a third-party defendant on the counterclaim. FGU appeals.

Beck's application for insurance was filed on April 5, 1976, only nine days prior to an accident which occurred while she was driving a vehicle owned by another individual, and her coverage was effective on that date. Beck's application did not contain a written rejection of optional PIP coverage meeting the requirements of former OCGA § 33-34-5 (b), as construed by Flewellen v. Atlanta Cas. Co., supra. In fact, the policy did not purport to contain any PIP coverage whatever, contrary to the requirement of OCGA § 33-34-4 that all policies issued after March 1, 1975, contain basic PIP in the amount of $5,000 per covered individual. On May 19, 1976, FGU mailed Beck a letter informing her that she had purchased $5,000 basic PIP and offering her up to $45,000 optional PIP; however, Beck denies receiving the letter. FGU claims that Beck's failure to respond in writing to this offer within 30 days constituted a waiver of optional coverage pursu-

ant to former OCGA § 33-34-5 (c), thereby entitling FGU to summary judgment. *Held*:

1. The trial court was correct in concluding that the policy provided $45,000 in optional PIP coverage. Where there is no valid written rejection of optional PIP as required by the code section, the policy is deemed to provide total PIP coverage in the amount of $50,000 from its inception. See *Flewellen v. Atlanta Cas. Co.*, supra at 715. It is undisputed that Beck never executed a written rejection of optional PIP, and even if her failure to respond to the alleged letter may be construed as a rejection of such coverage pursuant to OCGA § 33-34-5 (c), the statute provides no basis for giving that rejection retroactive effect so as to deprive her of coverage which was in existence at the time she was injured. Accord *Intl. Indemnity Co. v. Woods*, 169 Ga. App. 830 (315 SE2d 20) (1984).

2. Prior to the time this litigation was initiated, Beck had collected $2,500 for medical expenses from another insurance carrier, Georgia Mutual Insurance Company (GMIC), which provided basic PIP coverage on the vehicle which she was driving at the time of the accident. Contending that GMIC might have been liable to Beck for optional as well as basic PIP benefits under this policy and that such liability would supersede its own, FGU filed a "Motion for Leave to File a Third-Party Complaint or, in the Alternative, to Add a Third-Party to Plaintiff's Petition for a Declaratory Judgment." The motion was filed pursuant to OCGA § 9-11-19 and was based on a contention that joinder of GMIC was necessary to afford complete relief between the parties. See generally *Peoples Bank of LaGrange v. N. C. Nat. Bank*, 230 Ga. 389, 392 (197 SE2d 352) (1973); *Davenport v. Idlett*, 234 Ga. 864 (218 SE2d 577) (1975). The denial of the motion is enumerated as error.

It is clear from the record in this case that Beck claims no PIP benefits for lost income but is seeking payment for medical expenses only. It follows that by paying her $2,500, GMIC discharged all potential liability to her resulting from its basic PIP coverage on the automobile. See OCGA § 33-34-4 (a) (2) (A). FGU offers no evidentiary support whatsoever for its contention that GMIC may be liable for optional no-fault coverage in addition to basic coverage, and we consequently hold that FGU did not meet its burden of establishing that the joinder of GMIC was necessary for a just adjudication of the case. Accord Wright & Miller, Federal Practice and Procedure, § 1609 (1982 Supp., p. 33). It follows that the trial court did not err in failing to require GMIC to join in the litigation, either as a co-plaintiff on the petition for declaratory judgment or as a co-defendant on the counterclaim. Moreover, since FGU did not assert any claim against GMIC in its own right, the trial court did not err in denying it leave to assert a third-party claim against the GMIC pursuant to OCGA §

9-11-14. See generally *Cohran v. Jones*, 160 Ga. App. 761, 762 (288 SE2d 80) (1981).

3. FGU contends that Beck is precluded from recovering because of her failure to provide proof of loss in accordance with the requirements of the policy. FGU was first notified of the claim on April 26, 1978, by letter from Beck's attorney. On May 3, 1978, FGU responded to the letter, maintaining that it was not liable because Beck had failed to comply with a policy provision requiring that a timely report of the accident be made. Such denial of coverage by an insurer constitutes a waiver of a policy requirement pertaining to the filing of proof of loss. See *Whitmire v. Canal Ins. Co.*, 102 Ga. App. 611 (4) (117 SE2d 348) (1960); *McCowan v. Safeco Ins. Co.*, 116 Ga. App. 655 (158 SE2d 486) (1967).

4. FGU also contends that a genuine issue of material fact exists as to whether Beck violated the policy requirement that notice of an accident be provided "as soon as practicable."

The record contains no evidence of any notice prior to the April 28, 1978, letter from Beck's attorney, more than two years after the accident. However, the issue of satisfactory compliance with the notice requirement of an insurance policy is generally a question of fact to be resolved by the jury and not susceptible to being summarily adjudicated as a matter of law. Accord *State Farm Mut. Auto. Ins. Co. v. Sloan*, 150 Ga. App. 464 (2) (258 SE2d 146) (1979). As previously indicated, the original policy in this case purported to omit PIP coverage entirely. We decline to hold as a matter of law that the notice was not submitted "as soon as practicable" upon Beck's learning that FGU was required by law to provide such coverage. On this issue, and this issue alone, we hold that the trial court erred in granting Beck's motion for summary judgment.

5. FGU further contends that by stating in its order that it had considered "pertinent parts" of the record, the court admitted that it had not complied with its obligation to review the entire record. This argument is patently without merit. There is no indication that the trial court failed to consider any portion of the record which was pertinent to the issues before it. See generally *Miller Grading Contractors v. Ga. Fed. Savings &c. Assn.*, 247 Ga. 730 (3) (279 SE2d 442) (1981).

6. Beck requests damages for a frivolous appeal pursuant to OCGA § 5-6-6. As we have determined the appeal to be meritorious in part, this request is denied.

7. The trial court's denial of FGU's motion to add a third party defendant is affirmed, as is the trial court's denial of FGU's motion for summary judgment. The trial court's grant of summary judgment to Beck is reversed as to the notice of claim issue and affirmed as to all other issues.

*Judgment affirmed in part and reversed in part. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 20, 1984 —
REHEARING DENIED MARCH 2, 1984 — ▮▮▮▮▮▮▮▮▮

*Michael L. Wetzel*, for appellant.
*T. Peter O'Callaghan, Jr., William J. Perry*, for appellee.