## 68173. BATES et al. v. HOLYOKE MUTUAL INSURANCE COMPANY IN SALEM.

SOGNIER, Judge.

Helen Bates and her husband, J. B. Bates, Jr., sued Holyoke Mutual Insurance Company in Salem (Holyoke) seeking to recover $45,000 optional personal injury protection (PIP) benefits under a motor vehicle insurance policy issued to Mrs. Bates in 1976. Mr. Bates was injured in September 1978 when, as he was working on his daughter's automobile which was parked on the shoulder of the highway, it was struck in the rear by another vehicle. Mr. Bates recovered under his daughter's policy with Hartford Insurance Company and sought benefits under another policy with State Farm. In September 1981, the Bateses' attorney wrote to Holyoke and to the local agent through which Mrs. Bates' policy was issued demanding, pursuant to *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), that Mrs. Bates be given the opportunity to accept or reject in writing the optional coverage provided under Ga. Code Ann. § 56-3404b (now OCGA § 33-34-5). The record shows no response from Holyoke; however, the agency replied to the Bateses in November 1981, stating that Mrs. Bates had chosen the $5,000 basic PIP option when she placed coverage and that the agency had not been notified at any time of an accident where injuries were reported by its insured.

The Bateses filed the instant action against Holyoke in April 1982. Holyoke moved for summary judgment, asserting that the lawsuit was the first notice of claim received from Mrs. Bates and that she had thus failed to comply with the policy condition requiring that written notice of the accident, occurrence, or loss be given the insurer "as soon as practicable." The trial court found that the three-year, seven-month delay in giving notice of claim was unjustified and unreasonable as a matter of law, and granted summary judgment in favor of Holyoke. The Bateses appeal.

Appellants contend that the trial court erred by granting summary judgment in favor of appellee because the timeliness of the notice was a question of fact for the jury and it could not be said as a matter of law that a 43-month delay was unjustified and unreasonable. The basis of appellants' argument is that they were not aware until *Jones*, supra, of a legal basis on which they could have made a claim for $50,000 optional PIP benefits. However, this overlooks appellants' failure to file *any* claim, even for the basic PIP benefits, for more than three years after the accident, a fact which the evidence establishes conclusively and for which appellants offer no excuse. Accordingly, appellants' failure to give notice of claim was unreasonable as a matter of law. *Erber v. Insurance Co.*, 134 Ga. App. 632, 633 (2) (215 SE2d 528) (1975); *Edwards v. Fidelity &c. Co.*, 129 Ga. App. 306,

307 (1) (199 SE2d 570) (1973).

Contrary to appellants' contentions, appellee was not required to show it was prejudiced by appellants' failure to give notice, as the notice requirement was a condition precedent under the policy. *Richmond v. Ga. Farm Bureau &c. Co.*, 140 Ga. App. 215, 222 (231 SE2d 245) (1976); *Bituminous Cas. Corp. v. J. B. Forrest*, 132 Ga. App. 714, 720 (3) (209 SE2d 6) (1974); *Wolverine Ins. Co. v. Sorrough*, 122 Ga. App. 556, 562 (177 SE2d 819) (1970).

The trial court did not err in granting summary judgment in favor of appellee.

*Judgment affirmed. McMurray, C. J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED MAY 18, 1984 —
REHEARING DENIED JUNE 1, 1984 —

*Ralph L. Van Pelt, Jr.,* for appellants.
*J. Caleb Clarke III,* for appellee.