## 41318. BATES et al. v. HOLYOKE MUTUAL INSURANCE COMPANY IN SALEM.
### (324 SE2d 474)

WELTNER, Justice.

Certiorari was granted to resolve any conflict which may exist between the decisions of the Court of Appeals in *First of Ga. Underwriters Co. v. Beck*, 170 Ga. App. 68 (316 SE2d 519) (1984), and in the present case. *Bates v. Holyoke Mutual Ins. Co.*, 171 Ga. App. 164 (318 SE2d 777) (1984).

Bates was injured while he was working under the hood of a parked automobile which was struck from the rear by a second vehicle. He collected basic no-fault benefits from Hartford, the insurer of one vehicle, but did not file notice of claim with Holyoke, the insurer of the other. He filed the present action some 43 months after the occurrence. The trial court granted summary judgment for Holyoke under the policy clause which required Bates to give Holyoke notice of the occurrence "as soon as practicable," and the Court of Appeals affirmed.

Bates contends that the question of whether he gave notice of the collision "as soon as practicable" is a question of fact for a jury, hence beyond summary judgment. He asserts that at least some of the months should not have been counted against him because he was not aware that he had a claim for optional no-fault coverage until after the decision of this court in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). However, *Flewellen* did not hold that a *new* claim for optional no-fault benefits accrued; rather, that a timely claim for basic benefits could be extended beyond the level of basic benefits into the level of optional benefits. In the present case, Bates gave no notice of claim to Holyoke. Hence, no benefits were payable, either basic or optional.

Although "the issue of satisfactory compliance with the notice requirement of an insurance policy is generally a question of fact to be resolved by the jury and not susceptible to being summarily adjudicated as a matter of law" (*Beck*, supra at 70) it does not follow that such an issue *never* can be resolved by the court as a matter of law. *Erber v. Ins. Co. of North America*, 134 Ga. App. 632, 633 (2) (215 SE2d 528) (1975); *Edwards v. Fidelity &c. Co.*, 129 Ga. App. 306, 307 (1) (199 SE2d 570) (1973).

Bates was aware that he had a claim for basic benefits under the policy but declined to give the insurer notice for a period that — in the circumstances — was "unreasonable as a matter of law." 134 Ga. App., supra at 633. Compare *Beck*, in which the policy "purported to omit PIP coverage entirely." 170 Ga. App., supra at 70. The judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur, except Smith and*

*Gregory, JJ., who dissent.*

DECIDED JANUARY 9, 1985.

*Clifton M. Patty, Jr., Ralph L. Van Pelt, Jr.,* for appellants.
*Ferguson & Clarke, J. Caleb Clarke III,* for appellee.
*Ben B. Mills, Jr., William S. Stone,* amicus curiae.

GREGORY, Justice, dissenting.
While I agree with the majority's conclusion that, at some point, the issue of satisfactory compliance with the notice requirements of an insurance policy can be resolved by the court as a matter of law, I am unwilling to hold the notice in this case was "unreasonable as a matter of law." The rationale of the majority is that since Bates was aware that he had a claim for basic benefits under the policy at the time of the occurrence but declined to give the insurer notice until some 43 months later, his claim for optional benefits is barred as a matter of law. This rationale overlooks the fact that soon after this accident, Bates recovered his maximum basic no-fault benefits from Hartford, the insurer of one of the vehicles involved. Since Bates could recover basic no-fault benefits only once, regardless of the number of insurers providing such benefits, OCGA § 33-34-4 (c), he had no reason to give notice to other insurers providing the same coverage. Furthermore, the majority fails to take into account that the issue of whether Bates would have any right to seek optional PIP benefits was in a great state of confusion in this state at least until the decision in *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980). The period of delay after the *Jones* decision was approximately 18 months. A greater period than that amounted to a jury question in *First Ga. Underwriters Co. v. Beck,* 170 Ga. App. 68 (316 SE2d 519) (1984). In determining whether the notice in this case was given "as soon as practicable," these circumstances make for a jury issue.
I am authorized to state that Justice Smith joins in this dissent.