43392. PROTECTIVE INSURANCE COMPANY
et al. v. JOHNSON.
43413. SOUTHEASTERN FIDELITY INSURANCE COMPANY
v. JOHNSON.
(352 SE2d 760)

WELTNER, Justice.

Johnson suffered a myocardial infarction. He alleged that it was the result of pushing heavy objects inside a trailer attached to his employer's truck while he was unloading freight. Seventeen months later, he applied for basic no-fault PIP benefits from his employer's insurer, Protective Insurance Company, which had issued a policy covering the tractor-trailer in which he was injured. He also applied for additional optional PIP benefits from Southeastern Fidelity Insurance Company, which had issued a personal policy to him.

The insurance companies sought summary judgment on the issues of Johnson's late notice and the compensability of the injury. Southeastern Fidelity raised the additional issue that Johnson's injury was one excluded from coverage under the terms of his policy. The trial court granted summary judgment to the insurance companies, holding that the injury did not occur while the motor vehicle was being used as a motor vehicle. The Court of Appeals reversed. *Johnson v. Southeastern Fidelity Ins. Co.*, 178 Ga. App. 431 (343 SE2d 709) (1986). We granted certiorari to consider the issues of notice and the enforceability of Southeastern's exclusion.

1. Johnson first notified his employer's insurer, Protective Insurance Company, of his injury seventeen months after it occurred. He asserts that he complied with the contractual requirement of notification "as soon as practicable" because of the following: he thought his employer would file a claim and he did not know the name of his employer's insurer. He thought his employer had no insurance on the truck. He contacted an attorney, who filed insurance claims on his behalf after he learned that he would not receive workers' compensa-

tion benefits (he never filed a claim). "There is no evidence, indeed, not even an assertion, that [the insured's] ignorance of the terms of the subject insurance policy was due to any fraud or overreaching on the part of [the insurer] or its agents. The law requires more than just ignorance, or even misplaced confidence, to avoid the terms of a valid contract." *Intl. Indem. Co. v. Smith*, 178 Ga. App. 4 (342 SE2d 4) (1986). We find that Johnson's delay is without excuse. We stated in *Bates v. Holyoke Mut. Ins. Co. in Salem*, 253 Ga. 697 (324 SE2d 474) (1985), that the insured's unexcused 43-month delay in giving the insurer notice was unreasonable as a matter of law. In like manner, we find that Johnson's unexcused 17-month delay is unreasonable as a matter of law. Johnson is thus barred from collecting benefits from Protective Insurance Company.

2. Johnson did not notify his own insurer, Southeastern Fidelity, until eighteen months after the injury. However, shortly after the injury he visited his insurance agent to explain the reason he had missed several payments. He told the agent that he had "been in the hospital and had a heart attack and everything." We are unable to hold, as a matter of law, that Johnson failed to give Southeastern notice. See *Kitt v. Shield Ins. Co.*, 240 Ga. 619 (241 SE2d 824) (1978), wherein we held that that insured's oral statements of the facts surrounding his daughter's death by an uninsured motorist to his agent constituted sufficient notice to the insurance company of the accident. Hence, a factual issue as to notice remains.

3. Southeastern contends that Johnson's injury was not compensable by virtue of the exclusion in his policy — *if* the incident occurred as Johnson was unloading freight in the trailer. The exclusion applies "for bodily injury sustained while in, upon, entering or alighting from the portion normally designed for cargo of any automobile, regardless of use." OCGA § 33-34-7 (a) (1) provides for the payment of no-fault benefits for accidental bodily injury sustained while occupying any motor vehicle. "Motor vehicle" is defined to include an attached trailer. "Occupying" is defined as "to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." OCGA § 33-34-2 (6) (8). "All policies of motor vehicle liability insurance issued in this state must be in accordance with the requirements of this chapter; and no insurer shall issue a policy . . . that does not contain at least the minimum coverages required under this chapter." OCGA § 33-34-3 (a) (1). The policy exclusion would reduce coverage below the minimum required by the no-fault statute. For that reason it is unenforceable. See *Thames v. Piedmont Life Ins. Co.*, 128 Ga. App. 630 (1) (197 SE2d 412) (1973).

*Case No. 43392. Judgment reversed. All the Justices concur, except Gregory, J., who dissents as to Division 1 and the judgment.*

*Case No. 43413. Judgment affirmed. All the Justices concur, ex-*

*cept Marshall, C. J., who dissents as to Division 2 and the judgment.*

DECIDED FEBRUARY 13, 1987 —
RECONSIDERATION DENIED MARCH 3, 1987.

*Long, Weinberg, Ansley & Wheeler, Roger Mills, Eason, Kennedy & Assoc., Richard B. Eason, Jr.,* for appellants.
*Larry D. Ruskaup, James M. Aaron, Jr.,* for appellee.