**William Allen LATHEM, Plaintiff–Appellant,**

v.

**SENTRY INSURANCE, a Mutual Company, Defendant–Appellee.**

No. 86–8699.

United States Court of Appeals, Eleventh Circuit.

May 20, 1988.

Rehearing and Rehearing En Banc Denied July 12, 1988.

Before JOHNSON and CLARK, Circuit Judges, and EATON *, Senior District Judge.

JOHNSON, Circuit Judge:

This case concerns an appeal from an order granting defendant Sentry Insurance Company summary judgment on plaintiff William Allen Lathem's claim for benefits under an insurance policy issued by defendant to plaintiff's father.

William A. Lathem commenced this action against Sentry in 1984 with a complaint filed in Georgia state court, in which he claimed benefits under an insurance policy issued by Sentry for personal injuries that he sustained as a passenger in a single-car accident in 1978. William A. Lathem's father, William L. Lathem, had an insurance policy with Sentry that specified personal injury protection (PIP) up to $5,000. The complaint alleged that, according to Georgia law, William A. Lathem was entitled to PIP of $47,500 under his father's policy.

Sentry removed the case to federal court. On November 6, 1985, the district court found that Lathem failed to provide Sentry with written notice of his claim in a reasonable time as required by his father's insurance policy. The court granted summary judgment in favor of Sentry. The court subsequently denied Lathem's motion to reconsider, and this appeal followed. Sentry does not argue on appeal that William A. Lathem was not covered by his father's policy or that the policy did not provide coverage for personal injuries.

Lathem's claim arises under the Georgia Motor Vehicle Accident Reparations Act, which requires that all automobile insurance contracts provide PIP coverage. O.C.G.A. §§ 33-34-1 *et seq.* The statutory requirements are explained

Timothy A. Siler, D. Jeffrey Grate, Siler & Jonap, Decatur, Ga., for plaintiff-appellant.

Richard B. Eason, Jr., Atlanta, Ga., for defendant-appellee.

* Honorable Joe Eaton, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 300 S.E.2d 673, 675 (1983):

> The minimum which must be offered for PIP is $50,000, but the statute allows the prospective insured to reduce the coverage to not less than $5,000 per person. This reduction by the policyholder must be in writing and signed. Therefore, both the insurer and the policyholder face a minimum requirement. The insurer cannot offer less than $50,000 and the policyholder cannot accept less than $5,000.

William L. Lathem's policy expressly provided for PIP benefits up to $5,000. If an automobile policy does not include the policyholder's signature expressly rejecting the $50,000 amount, *Flewellen* held that "[t]he insured has the right to demand and receive the benefit of $50,000 coverage upon tender by the insured of such additional premium as may be due and filing of proof of loss by the injured party." 300 S.E.2d at 676. Because Lathem's insurance policy did not include an express rejection of the statutorily required amount, the district court correctly found that Lathem could assert a claim for up to $50,000 PIP coverage.

Sentry maintains that Lathem's claim must fail because he did not give timely written notice for his statutorily-based PIP claim. This raises the general question of whether the Sentry policy required written notice of any claim. The "Personal Injury Protection Endorsement," the portion of the policy which creates personal injury protection, states:

> A. Action Against Company. No action shall lie against the Company unless as a condition precedent thereto, there shall have been full compliance with all terms of this coverage.
> B. Notice. In the event of an accident, *written notice* containing particulars sufficient to identify the eligible injured person, and also reasonably obtainable information respecting the time, place and circumstances of the accident shall be given by or on behalf of each eligible injured person to the Company or to any of its authorized agents *as soon as is practicable....* (Emphasis added.)

If an insurance contract requires written notice of a claim as a condition precedent to maintaining an action against the insurer, the insured cannot maintain a suit on his claim unless he has provided written notice as required by the policy. *Bates v. Holyoke Mutual Ins. Co. in Salem*, 253 Ga. 697, 324 S.E.2d 474, 474–75 (1985); *Wolverine Ins. Co. v. Sorrough*, 122 Ga.App. 556, 177 S.E.2d 819, 820 (1970).

Lathem argues, however, that the "Plain Talk" policy on the second page of the main policy indicates that oral notification is sufficient. The Plain Talk section states:

> When *you're* involved in a *car accident,* you or someone on *your* behalf must notify us as soon as possible. The quickest way is to phone our nearest office.
> When *you* notify us, tell us how the accident happened and the extent of any injuries. If we need other information to investigate the accident, we'll ask *you* for it. We may require it in writing. (Emphasis in original.)

Lathem maintains that under the Plain Talk policy oral notification is sufficient *unless* Sentry specifically requests written notification. Lathem alternatively argues that the Plain Talk policy and the PIP Endorsement are inconsistent, and that ambiguities in an insurance contract are read in favor of the insured. *See, e.g., Richards v. Hanover Ins. Co.*, 250 Ga. 613, 299 S.E.2d 561, 563 (1983); *Hulsey v. Interstate Life*, 207 Ga. 167, 60 S.E.2d 353, 354 (1950).

■ As to his alternative argument, Lathem is incorrect that the terms of the insurance policy are ambiguous. The Plain Talk section is contained in the main body of the policy which provides coverage for damage to the automobile. Coverage for personal injuries is provided in the PIP Endorsement, which is an addendum to the main policy. The preamble to the Endorsement states that "the company agrees with the named insured, subject to all the provisions of this endorsement and to all the provisions of the policy *except as herein modified....*" (emphasis added). Thus the terms of the Endorsement supersede any

conflicting terms of the main policy, and consequently there is no ambiguity to be construed in William A. Lathem's favor. Any coverage must be in full compliance with the insurance contract. *Wolverine Ins. Co.*, 177 S.E.2d at 820. Written notification is a condition precedent to receiving benefits for any claims, including the statutorily-based PIP claim, under William L. Lathem's insurance policy.

It is undisputed that no written notification of Lathem's personal injury claim was given to Sentry until around the time this suit was filed in 1984. Lathem, however, argues that Sentry waived the written notification requirement for this claim. If an agent of the insurer is orally notified of a claim by the insured within a reasonable time after the accident, and if at that time the agent denies liability under the policy, then the insurer has waived the right to written notice of the claim. *Stonewall Ins. Co. v. Farone*, 129 Ga.App. 471, 199 S.E.2d 852, 855–56 (1973); *First of Ga. Ins. Co. v. Josey*, 129 Ga.App. 14, 198 S.E.2d 381, 382 (1973). The agent's denial must be an unambiguous statement that coverage is not available under the policy. *Buffalo Ins. Co. v. Star Photo Finishing Co.*, 120 Ga. App. 697, 172 S.E.2d 159, 164 (1969); *see also* O.C.G.A. § 33–24–40. The oral notification must indicate not only that an accident occurred but also that the insured intended to file a claim. *Shield Ins. Co. v. Kitt*, 143 Ga.App. 48, 237 S.E.2d 515, 517 (1977); *Erber v. Ins. Co. of N.A.*, 134 Ga. App. 632, 215 S.E.2d 528 (1975). Also, the oral notification must have been made at a time when written notification would have been timely under the policy. *Buffalo*, 172 S.E.2d at 164.

■ The record in this case creates a substantial question of fact as to whether a waiver occurred. Lathem's father stated in his affidavit that "within approximately two weeks of the September 4, 1978 accident Affiant notified his insurance agent, Stephen Richard of the accident; . . . . during Affiant's conversation with Stephen Richard, Mr. Richard led Affiant to believe that no claim could be made against Sentry Insurance, a mutual company." Stephen Richard, in his affidavit, says that: "I was in contact with William L. Lathem subsequent to his son's accident to discuss another insurance matter, and he mentioned in passing that his son was injured while a passenger in another vehicle and the host driver's insurance was handling the resulting expenses. He never requested that I file a claim or questioned coverage for the accident." The discrepant descriptions of the conversation raise at least two genuine and material issues of fact: whether William L. Lathem orally notified Richard of the personal injury claim, and whether Richard waived the notification requirement by denying liability. These questions are for a jury to decide. *Wolverine Ins. Co.*, 177 S.E.2d at 821.

The waiver issue is complicated by a subsidiary question of fact. An agent through whom an application for insurance was made or through whom insurance was procured cannot waive any conditions of the policy unless that agent was authorized by the insurer to receive notice. *Stubbs v. State Farm Mutual Automobile Ins. Co.*, 120 Ga.App. 750, 172 S.E.2d 441, 445–46 (1969) (statements by issuing agent to policyholder that "I don't think the insurance will do anything—they won't help you any, . . . . they wouldn't do anything" in response to oral notification of claim did not waive written notice requirement because agent was not authorized to admit or deny liability or to handle claims on behalf of insurer). This requirement reflects the general rule that a principal can be bound only by the authorized acts of his agent. General principles of apparent authority are applicable as well. *Buffalo Ins. Co.*, 172 S.E.2d 165. Thus if the insurer has induced the insured into reasonably believing that the issuing agent could deny liability on its behalf, the insured is bound by the issuing agent's waiver even if that agent was not actually authorized to deny liability. Given William L. Lathem's prior dealings with Richard, there is a genuine and material issue of fact as to whether Richard was an actual or apparent agent of Sentry.

There is yet another genuine and material issue of fact to be resolved by a jury in

this case. Satisfactory compliance with a notice provision of an insurance policy is usually a question of fact to be determined by a jury. *State Farm Mutual Auto. Ins. Co. v. Sloan,* 150 Ga.App. 464, 258 S.E.2d 146, 148 (1979). William A. Lathem was required to notify Sentry "as soon as practicable." In a few cases, the provision of notice under an "as soon as practicable" clause has been decided as a question of law. *See Bates v. Holyoke Mutual Ins. Co.,* 253 Ga. 697, 324 S.E.2d 474 (1985) (forty-three month delay after accident unreasonable where insured just did not know he could claim under policy); *Erber,* 215 S.E.2d at 530 (unexplained fourteen month delay after learning that claim under policy could be made). The district court held that, as a matter of law, Lathem's six year delay in providing written notification to Sentry was unreasonable.

Whether reasonableness can be decided as a matter of law, or whether it should remain in the province of the jury, depends on two factors: the sufficiency of the excuse, and the insured's diligence after any disability has been removed. *Southern Trust Ins. Co. v. Clark,* 148 Ga.App. 579, 251 S.E.2d 823, 827 (1978); *Norfolk & Dedham Mutual Fire Ins. Co. v. Cumbaa,* 128 Ga.App. 196, 196 S.E.2d 167, 170 (1973). William A. Lathem presents the excuse that William L. Lathem was misled by Richard into believing that he could not assert a claim under the policy. The reasonableness of William A. Lathem's reliance on Richard's representation may be affected by the fact that Lathem's policy did not mention the availability of the PIP coverage claimed in this case and that William A. Lathem was not identified by name as a covered party. It may also depend on William A. Lathem's allegations that he diligently pursued claims against other carriers during the six year period of delay, and that, upon discovering that he was covered under his father's policy with Sentry, he promptly gave notice of his claim by filing suit.

The district court held that *Bates v. Holyoke Mutual Ins. Co.,* 253 Ga. 697, 324 S.E.2d 474 (1985), controls this case. In *Bates,* however, the only question to be resolved was a legal one: whether the sole excuse that Bates did not know about the statutorily required PIP coverage could defeat Holyoke Mutual's defense that notice was untimely provided. In *Bates,* there was no allegation that the insured had been misled and no allegation that the insurer had waived notification. *Bates* distinguished and did not overrule *First of Ga. Underwriters Co. v. Beck,* 170 Ga.App. 68, 316 S.E.2d 519 (1984). In *Beck,* the court held that the insured, who claimed he had failed to notify the insurer for two years about his personal injury claim because the policy purported not to provide any such coverage but who notified his insurer as soon as he found out that such coverage was statutorily required, raised a jury question as to the reasonableness of the notification. 316 S.E.2d at 520. This case is more like *Beck* than *Bates.* As in *Beck,* this case poses factual issues that do not allow compliance with the insurance contract to be determined as a matter of law.

The inapplicability of *Bates* where relevant factual issues remain was recently reiterated in *Protective Ins. Co. v. Johnson,* 256 Ga. 713, 352 S.E.2d 760 (1987). In *Protective Insurance,* the Georgia Supreme Court held that oral statements by the insured to the insurance agent raised a factual issue as to notice. 352 S.E.2d at 762. This case is controlled by *Protective Insurance* and cannot be decided as a matter of law.

Genuine and material questions remain as to whether William L. Lathem provided oral notification and Sentry waived the written notice requirement and as to whether William A. Lathem's delay was reasonable. Summary judgment was inappropriate, and we therefore REVERSE and REMAND for a jury trial.