A90A1408. TOWNSEND v. NATIONAL UNION FIRE
INSURANCE COMPANY.
(397 SE2d 61)

BEASLEY, Judge.

Townsend appeals the grant of summary judgment to defendant insurance company in his suit to recover no-fault insurance benefits, plus penalties, attorney fees, and punitive damages under OCGA § 33-34-6. Townsend allegedly sustained back injuries while attempting to dump sand from his employer's dump truck at a concrete yard in Florida. The insurer contended, inter alia, that the claim was barred by the Florida statute of limitation. It further asserted that regardless of whether Florida or Georgia law applied, it was entitled to summary judgment since plaintiff failed to notify it of the claim "as soon as practicable," as required under the policy. The trial court did not state the basis for its grant of summary judgment and dismissal of the complaint.

Regardless of whether Georgia or Florida law governs, the complaint is barred. The injury allegedly occurred on June 1, 1983, and the complaint was not filed until approximately six years later on May 26, 1989. Florida Code § 95.11 provides a limitation of five years.

As to Georgia law, the insured first notified the insurer on March 15, 1989, nearly six years after the incident. Both the Florida and Georgia personal injury protection endorsements provided that no action would lie against the insurer unless there had been full compliance with all terms of the insurance coverage. Both endorsements contained a condition that in the event of an accident, written notice of the accident or loss be given to the insurer "as soon as practicable."

Whether or not the condition has been met is not always a jury question because an unexcused significant delay may be unreasonable as a matter of law. See *Bates v. Holyoke Mut. Ins. Co.*, 253 Ga. 697 (324 SE2d 474) (1985) (forty-three-month delay); see also *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 714 (1) (352 SE2d 760) (1987) (seventeen-month delay); *International Indem. Co. v. Smith*, 178 Ga. App. 4, 5 (1) (342 SE2d 4) (1986) (fifty-two-month delay).

Townsend's only excuse for the nearly seventy-month delay in notice to the insurer was that he was not aware he might be entitled to the no-fault benefits until 1989 and that he did not know the name of the carrier insuring the truck. The law requires more than ignorance of the terms of a valid insurance contract in order to avoid them. See *Protective Ins. Co.*, supra at 714 (1) and *International Indem. Co.*, supra at 5 (1). Prejudice or the lack thereof to the insurer is

not a factor in assessing whether or not the delay in notice is excusable and the ultimate determination of its being reasonable, i.e., "as soon as practicable." See *Bates, Protective Ins. Co.*, and *International Indem. Co.*, supra; see also *Golder v. United Svcs. Auto. Assn.*, 177 Ga. App. 194, 195 (1) (338 SE2d 771) (1985).

Appellant's legally inexcusable delay in notifying the insurer of his mishap was unreasonable as a matter of Georgia law. The insurer was entitled to summary judgment.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1990.

*W. Douglas Adams*, for appellant.

*Dickey, Whelchel, Brown & Readdick, John E. Bumgartner*, for appellee.

