[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10977
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00213-JRH-BKE


PROGRESSIVE MOUNTAIN INSURANCE COMPANY,

Plaintiff–Counter Defendant -Appellee,

versus

ADAM DUANE CASON,

Defendant–Counter Claimant -Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 15, 2015)

Before WILLIAM PRYOR, JULIE CARNES and DUBINA, Circuit  Judges.

PER CURIAM:

This is a declaratory judgment action.  Progressive Mountain Insurance Company ("Progressive") filed suit seeking a declaration regarding coverage on a commercial automobile policy issued to Corey Dru Anderson ("Anderson").

On June 29, 2011, Anderson was driving a 1996 Dodge Ram truck owned by Paul Hunley ("Hunley"), Anderson's business partner in P & C Enterprises. Anderson, at Hunley's request, was driving Mrs. Hunley to a doctor's appointment when he rear-ended a 2002 Freightliner driven by Adam Duane Cason ("Cason"). Cason sustained a severe concussion, suffered head injuries, and was unable to return to work for a number of months due to his injuries.  Following the accident, Cason filed suit against Anderson in the McDuffie County Superior Court.  Later, Cason dismissed the state court action and refiled in the federal district court. Following discovery, Progressive filed a petition for declaratory judgment, which the district court granted.

## I. BACKGROUND

A. *Facts*

At all times relevant to the accident, Anderson did not own a vehicle. Hunley, however, owned four vehicles: two Dodge Ram trucks, one Chevrolet truck, and a motorcycle.  Hunley paid for the insurance covering the two Dodge trucks, including the 1996 Dodge Ram involved in the accident.  Everest Security Insurance Company ("Everest") issued the policies that insured the two Dodge

2

trucks.  Progressive issued a policy for the Chevrolet truck. Anderson was the named driver on the policy, but he made his insurance premium payments to Hunley.  Hunley purchased all vehicle insurance policies through the Nelson Insurance Agency ("Nelson") in Thomson, Georgia.

When Anderson needed a vehicle, he would use one of Hunley's trucks. Anderson averred that when he needed to use a truck for work, he would ordinarily drive a small utility-bed truck.  For personal matters, however, Anderson stated that he usually drove the 1996 Dodge Ram, although he did not use this truck on a regular basis.

B.  *Procedural History*

In his complaint, Cason alleges that Anderson negligently rear-ended his vehicle by driving too fast, failing to look where he was going, and following too closely.  Cason and his wife seek past and future general damages and loss of consortium, as well as exemplary damages.

Prior to Cason's refiling his suit in federal court, his uninsured motorist carrier, Southern Trust, hired attorney George Hall to represent Anderson.  During discovery, attorney Hall notified the Nelson insurance agency that Progressive might owe coverage for the accident, and Nelson forwarded this information to Progressive.  Progressive attempted to notify Anderson that it would provide his defense pursuant to a reservation of rights agreement, but both notices were

3

returned as undeliverable.  Thereafter, many months after the accident, Progressive hired attorney Percy Blount to represent Anderson.  Thus, Anderson had two lawyers defending him in the state court proceeding.

After Cason refiled the complaint in federal district court, Progressive submitted its petition for declaratory judgment, seeking a declaration that it was not obligated to provide coverage, indemnification, or a defense because (1) Anderson failed to provide timely notice of both the accident and the lawsuit and (2) the car involved in the accident was not an insured auto or non-owned auto under the terms of the policy.  The district court granted summary judgment to Progressive, finding that Anderson's failure to notify Progressive of the accident for thirteen months was unreasonable as a matter of law.  Because timely notice is a condition precedent to coverage under the policy, the district court found that Progressive did not owe Anderson a duty of defense, coverage, or indemnification.  Cason appeals the district court's judgment.

## II. ISSUES

1.  Whether the district court erred in granting summary judgment for Progressive because it found that notice is a condition precedent to coverage as a matter of law.

2.  Whether the district court erred by *sua* sponte ruling on issues neither party raised.

4

### III. STANDARD OF REVIEW

This court reviews de novo a district court's order granting summary judgment. *Henning v. Continental Cas. Ins. Co.*, 254 F.3d 1291, 1293 (11th Cir. 2001). We also review de novo a district court's interpretation of an insurance contract. *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 763, 773 n.7 (11th Cir. 2011).

### IV. DISCUSSION

A. Notice

Cason argues that the notice provision in the policy is ambiguous, and the district court erred by failing to construe the policy provisions in favor of the insured, erroneously finding that the policy required timely notice of the accident for coverage to apply. We agree with the district court that the terms of the policy were not ambiguous, and we affirm its order granting summary judgment to Progressive.

"Insurance in Georgia is a matter of contract." *Peachtree Cas. Inc. Co. v. Kim*, 512 S.E.2d 46, 47 (Ga. Ct. App. 1999). Georgia law directs courts interpreting insurance policies to ascertain the intention of the parties by examining the contract as a whole. *Ryan v. State Farm Mut. Auto. Ins. Co.*, 413 S.E.2d 705, 707 (Ga. 1992). A court must first consider "the ordinary and legal meaning of the words employed in the insurance contract." *Id*. An insurance policy "should

5

be read as a layman would read it." *York Ins. Co. v. Williams Seafood of Albany, Inc.*, 544 S.E.2d 156, 157 (Ga. 2001). "[P]arties to the contract of insurance are bound by its plain and unambiguous terms." *Alea London Ltd.*, 638 F.3d at 773 (quoting *Peachtree Cas. Ins. Co.,* 512 S.E.2d at 47)). "If the terms of the contract are plain and unambiguous, the contract must be enforced as written." *Ryan*, 413 S.E.2d at 707. When the plain words of a contract are susceptible to more than one meaning, an ambiguity exists. *Alea London Ltd*., 638 F.3d at 773. "Georgia law teaches that an ambiguity is duplicity, indistinctness, an uncertainty of meaning or expression." *Id*. (quoting *Collier v. State Farm Mut. Aut. Ins. Co.*, 549 S.E.2d 810, 812 (Ga. Ct. App. 2001)). To resolve an ambiguity, Georgia courts "apply the rules of contract construction." *Certain Underwriters at Lloyd's of London v. Rucker Constr., Inc*., 648 S.E.2d 170, 174 (Ga. Ct. App. 2007). A jury question arises only if an ambiguity remains after the court applies the rules of construction. *Travelers Ins. Co. v. Blakey*, 342 S.E.2d 308, 309 (Ga. 1986).

The policy at issue here states in the section entitled "Georgia Amendatory Endorsement" that in order for coverage to apply, an insured "must promptly report each accident or loss even if an insured is not at fault." (Doc. 1-3, p. 5.) It further provides under the section entitled "Your duties in the event of an accident, claim, loss or suit," that if an insured is involved in an accident or loss "for which this insurance (commercial auto policy) may apply, the accident or loss must be

6

reported to us as soon as practicable." (*Id*. at p. 14.).  The terms of this notice are not ambiguous: an insured must notify its insurer within a reasonable time of any accident, claim, loss, or suit.  Moreover, notice provisions in insurance policies generally are valid, and the insured must comply with them.  *See Lankford v. State Farm Mut. Auto. Ins. Co.*, 703 S.E.2d 436, 438 (Ga. App. 2010) (stating that a notice provision is valid and must be complied with).  Georgia courts have ruled that compliance with the "as soon as practicable" language in a notice provision of an insurance policy is a condition precedent to coverage.  *Bates v. Holyoke Mut. Ins. Co. in Salem*, 318 S. E.2d 777, 778 (Ga. Ct. App. 1984).  *Accord Bituminous Cas. Corp. v. J.B. Forrest & Sons, Inc.*, 209 S.E.2d 6, 9 (Ga. Ct. App. 1974); *Wolverine Ins. Co. v. Sorrough*, 177 S.E.2d 819, 823 (Ga. Ct. App. 1970).

To hold otherwise would allow an insured to delay notifying the insurer for an indefinite period of time, "so long as the insured thought that other insurance existed to cover the loss. Such an interpretation is contrary to the obvious intent of the policy, which is to require notice [as soon as practicable] after the occurrence of a covered event." *Manzi v. Cotton States Mut. Ins. Co*., 531 S.E.2d 164, 167 (2000).  While the language "as soon as practicable" gives an insured "some leeway in providing notice of a claim or suit or occurrence to an insurer, a lengthy, unjustifiable delay may be found as a matter of law to have been so unreasonable as to foreclose coverage." *Park Pride of Atlanta v. City of Atlanta*, 541 S.E.2d

7

687, 691–92 (Ga. Ct. App. 2000). Hence, we conclude that the district court correctly found that the notice provision is a condition precedent under the unambiguous terms of the policy, and the thirteen-month delay here was an unreasonable delay as a matter of law. *See, e.g., Royer v. Murphy*, 625 S.E.2d 544, 545 (Ga. Ct. App. 2006) (delay of two years in giving notice to uninsured motorist carrier unreasonable); *Se. Exp. Sys., Inc. v. S. Guar. Ins. Co. of Ga.*, 482 S.E.2d 433, 436 (Ga. Ct. App. 1997) (an eight-month delay in providing notice was unreasonable as a matter of law); *Protective Ins. Co. v. Johnson*, 352 S.E.2d 760, 761 (1987) (delay of 17 months unreasonable); *Dillard v. Allstate Ins. Co.*, 245 S.E.2d 30, 31 (Ga. Ct. App. 1978) (insurer entitled to summary judgment on question of coverage when insured failed to notify insurer for nine months after accident).[1] Accordingly, we affirm the district court's order granting summary judgment to Progressive.

B. *Sua sponte* ruling

Cason contends that the district court erred by ruling *sua sponte* on issues neither party raised, particularly justifiable reliance. After a review of the record,

---

[1] Cason also asserts that Progressive received notice soon after the accident when Hunley notified Nelson, the independent insurance agency that wrote the Progressive and Everest Security policies. Regardless of whether Hunley's alleged notice can be imputed to Progressive, there is no evidence that Hunley did notify Nelson insurance agency of Anderson's accident. Anderson averred in his deposition that he thought Hunley notified the insurance agency, but there is no testimony from Hunley that he did so. This speculation is not sufficient to defeat summary judgment.

8

we disagree with Cason.  In order for the district court to analyze the merits of Cason's contention regarding whether Progressive received notice of the accident via Hunley's alleged notification to Nelson, the district court had to delve into the issue of justifiable reliance.  As such, Progressive briefed the issue to the district court.  Moreover, there is no requirement under Georgia law that an insurer must show that it was prejudiced by an insured's failure to give timely notices.  *See Se. Exp. Sys., Inc.*, 482 S.E.2d at 436 (reiterating that no showing of prejudice is required to establish a late notice defense).[2]

## V. CONCLUSION

We conclude that the district court did not err in granting summary judgment to Progressive on its declaratory judgment action.  Anderson, the insured, did not give timely notice to Progressive about the accident, which occurred on June 29, 2011.  Cason filed the state court suit on April 12, 2012, but Progressive did not receive notice of either the accident or the state court action until July 2012, some thirteen months after the accident. The automobile policy clearly states that the insured will notify the insurer as soon as practicable after an accident, claim, loss, or suit.  The policy also states that in order for coverage to apply, the insured must promptly report any accident or loss to the insurer.  In other words, the notice is a

---

[2] Cason's other arguments regarding alleged *sua sponte* rulings by the district court are unavailing, and we so we decline to address them.

condition precedent to coverage.  Because Anderson did not provide notice as soon as practicable, Progressive was not obligated to provide coverage.  Accordingly, we conclude that the district court properly granted summary judgment to Progressive on its declaratory judgment action.

**AFFIRMED.**