STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY,
Plaintiff-Appellee,

v.

Nina Bowen HORNE,
Defendant-Appellant.

No. 85–8833.

United States Court of Appeals,
Eleventh Circuit.

July 23, 1986.

Lester B. Johnson, III, Savannah, Ga., for defendant-appellant.

Michael J. Goldman, Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal by Nina Bowen Horne from a district court order granting summary judgment to plaintiff/appellee State Automobile Insurance Company (hereafter, "State Auto") in its action for declaratory judgment to determine whether it was required to extend to Horne full optional ($50,000) Personal Injury Protection ("PIP") coverage on her automobile liability insurance policy. We affirm the ruling of the district court that the company was not required to extend appellant Horne the additional protection.

### STATEMENT OF THE FACTS

On September 12, 1980, John Chokos of Pederson-Chokos and Company, an independent insurance agency, which solicits insurance applications for numerous insurance companies, met with appellant Horne and her mother to renew various insurance policies taken out by the Hornes, collect the required premiums, and acquire their signatures on the various policy applications. Chokos had apparently been performing

this service for the Hornes for a number of years past. Included in the policies discussed was an application for standard automobile liability insurance with appellee State Auto. The application has two separate sections. The first contains the basic liability application with a signature space at the end. The second, labeled "Offer to Purchase Optional Coverages" contains within an application for additional, optional, personal injury protection ("PIP") above and beyond the $5,000 coverage included in the basic standard, liability policy. This section of the application has the heading: "Personal Injury Protection ($5,000 coverage included in your basic premium charges)." To receive the additional coverage, there are spaces indicating the amount of extra-insurance sought from $10,000 to $50,000. Additionally, there is a separate clause and blank space following stating: "I reject all PIP options below." At the end of the one page second section is a separate signature space for the insured to sign. According to appellant, Chokos, in whom she had "complete confidence" did not explain the contents of this policy, nor did she question him about it. However, at his request, she simply signed both sections of the automobile liability insurance application. She contends that she additionally told Chokos that she wanted the maximum PIP protection. The application that was eventually received and accepted by State Auto, although requesting several other forms of optional insurance, indicated on the form by various checkmarks, expressly waived the optional PIP protection by a checkmark next to the "I reject all PIP options below" statement on the form. Horne claims that Chokos made the checkmarks in the blanks on the form after she had signed it. Appellee disputes appellant's view of the events leading to the filing of the application, stating that Chokos "made the appropriate checkmarks as per Ms. Horne's instructions, providing minimum $5,000 personal injury protection, dated the application, and presented Ms. Horne with the form for her review and signature." Once signed, he forwarded the application to State Auto for its consideration.

State Auto issued the policy in question in early October, 1980, by delivering it to Chokos who in turn forwarded the document to appellant. Horne, however, never requested any change in the policy and on January 13, 1981 she was involved in an automobile accident, following which she claimed and received $5,000 in PIP benefits. On March 9, 1984 she made a demand for $50,000 in optional PIP benefits and tendered the additional premium to State Auto. The insurance company refused to provide the extra benefits and subsequently commenced a declaratory judgment action in U.S. District Court to determine whether it was required to extend the full optional ($50,000) coverage to Horne. The court below entered summary judgment in favor of State Auto, declaring that the optional benefit selector form used by State Auto and signed by Horne was in substantial compliance with Georgia statute O.C.G.A. § 33–34–5(b) as interpreted by *St. Paul Fire & Marine Ins. Co. v. Nixon*, 252 Ga. 469, 314 S.E.2d 215 (1984) and its progeny. Thus the court found that as a matter of law, appellant made a knowing and intentional waiver of her right to optional PIP benefits when she signed the form. Additionally, it found that State Auto had no obligation to make any more payments to Horne because as a matter of law, Chokos was her agent and, as such, even if he did make the checkmarks on the form after she had signed it, she was bound by that action. Following entry of final judgment in the action, this appeal ensued.

## ISSUES PRESENTED

1. Whether the district court erred when it granted appellee's State Automobile Mutual Insurance Company's motion for summary judgment when it concluded appellee's application was in substantial compliance with O.C.G.A. § 33–34–5(b).

2. Whether the district court erred when it granted appellee's State Automobile

Mutual Insurance Company's motion for summary judgment when it concluded that Pederson-Chokos was not appellee's agent.

## DISCUSSION

■ Appellant Horne has raised two issues on appeal. She first argues that the district court erred in finding that the automobile liability insurance application form used by State Auto here was proper under Georgia law. We cannot agree with appellant. Under the Georgia Code's automobile liability insurance provision in effect at the time the policy at issue in this case was promulgated, it was stated that:

(a) Each insurer shall also make available on an optional basis the following coverage: (1) an aggregate limit of benefits payable without regard to fault up to $50,000 per person, which may be rejected or reduced to not less than an aggregate limit of benefits payable without regard to fault of $5,000 per person by written consent of the policy holder ...

. . . . .

(b) Each application for a policy of motor vehicle liability insurance sold in this state must contain separate spaces for the insured to indicate his acceptance or rejection of each of the optional coverages listed in subsection (a) of this code section and no such policy shall be issued in this state unless the spaces are completed and signed by the prospective insured.

O.C.G.A. § 33–34–5(a), (b). To determine whether an application complied with these requirements, the Georgia Supreme Court in *St. Paul Fire & Marine Insurance Co. v. Nixon*, 252 Ga. 469, 314 S.E.2d 215 (1984), developed what has been labeled the "substantial compliance test." In the opinion, the court approved an insurance application form with one signature space for the portion of the application containing basic information and a second signature space pertaining to the insurer's "Offer to Purchase Additional Coverage Application." The court stated that:

Here, as in *Nalley (Nalley v. Select Insurance Co.*, 251 Ga. 722 [313 S.E.2d 465] (1983)), although the optional-coverage application has only one signature, it is clear from the form of the application that the intent of the insured was to reject optional PIP benefits and vehicle-damage protection. Therefore, we hold that, 'the form is in substantial compliance with the statutory requirement, O.C.G.A. § 1–3–1(c) (Code Ann. § 102–102), and satisfies the intent of the General Assembly to ensure " 'that insurers offer optional coverages to applicants for no-fault insurance *and* that an applicant's waiver of his privilege to obtain coverages be made knowingly and in writing.' " *Flewellen, supra*, 250 Ga. [709] at 714 [300 S.E.2d 673 (1983)].' *Nalley v. Select Ins. Co.*, 251 Ga., *supra*, p. 724 [313 S.E.2d 465].

*St. Paul v. Nixon*, 252 Ga. at 470, 314 S.E.2d 215. An application form thus is in compliance with the statute's requirements if it reasonably evidences the insured's awareness of and rejection of his right to optional no-fault coverages. In the present case, the form used by State Auto clearly meets the standard set by the state statute. The form discussing optional coverages, similar to that approved in *Nixon*, is on a separate page, displays the optional coverages required to be offered, provides separate clauses and spaces for rejection of each of the options, and has a signature line at its bottom, which is in addition to the signature space for the general portion of the insurance application. The form reasonably presents the optional coverages and places a reasonable person in the position of an insured with a clear awareness of the coverages and thus is in "substantial compliance" with the statute. The district court was correct in upholding the propriety of this form.

■ Appellant also challenges the district court's determination that Pederson-Chokos did not act as State Auto's agent in the transaction in question. We agree with the court's decision on this matter. The Georgia Court of Appeals has ruled that in questions of agency involving insurance brokers, such as Pederson-Chokos, insurance companies, and insureds, "while insurance agents or brokers may be considered

as 'dual' agents, or agents for both the insurer and the insured, normally such insurance representatives are independent insurance brokers and are the insured's agents, not those of the insurer." *National Property Owners Ins. Co. v. Wells*, 166 Ga.App. 281, 282, 304 S.E.2d 458 (1983) (citations omitted.) In this case, it is quite clear that Chokos cannot be considered to have acted as an agent for State Auto. His company, Pederson-Chokos, is an independent insurance agency which takes applications from its customers and places automobile liability insurance with a number of different companies, State Auto only one of several. The agency was under no obligation to submit applications to State Auto nor did State Auto have any ownership interest in it. Pederson-Chokos merely prepared applications requesting insurance and forwarded them to appellee. State Auto completely retained the power to accept or reject the applications. Additionally, there were no signs posted on the building housing Pederson-Chokos' offices, indicating a relationship between State Auto and the agency. The district court was correct in determining on summary judgment that Pederson-Chokos did not function in this case as an agent for appellee State Auto.

The judgment of the district court is therefore AFFIRMED.