828 F.2d 1519
 Waunelle S. PASSMORE, as Widow of James Frank Passmore,
deceased, and All Persons Similarly Situated,
Plaintiffs-Appellees,
v.
HARTFORD INSURANCE COMPANY and Hartford Accident and
Indemnity Company, Defendants-Appellants.
 No. 86-8522.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 5, 1987.
 
 Malcolm P. Smith, Monet & Smith, Atlanta, Ga., for defendants-appellants.
 G. Brinson Williams, Hinesville, Ga., Charles Cook, Vidalia, Ga., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before HILL and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 TUTTLE, Senior Circuit Judge:
 
 I.
 
 1
 The issue in this appeal is whether Hartford's supplemental insurance form satisfied the mandate of Georgia law, Sec. 33-34-5(b), for the rejection of optional personal injury protection benefits. The district judge held that the form did not satisfy the statute's requirements. As we find that Hartford's form meets the substantial compliance test now followed by the Georgia courts, the decision of the district court is reversed.II.
 
 
 2
 The plaintiff-appellee's husband, James Passmore, held automobile insurance with the Hartford Company. In 1980, Mr. Passmore signed a supplemental application rejecting additional personal injury protection (PIP) coverage offered to him by the Hartford as required by Georgia law. In 1981, Mr. Passmore died in an auto accident. This case concerns whether Mrs. Passmore is entitled to the additional coverage rejected by Mr. Passmore on the ground that the application failed to comport with the dictates of Georgia law thereby rendering inadequate his rejection of the additional coverage. This case is not unlike the scores of similar cases that have steered their way through the state and federal courts. At issue in each of these cases is the adequacy of the insurer's form. Forms that are deemed inadequate under the law entitled the insured to receive up to $45,000 in additional benefits upon the tender of additional premiums. Those forms held adequate under the law bind an insured to his or her rejection of the additional coverage.
 
 
 3
 The standard for judging the adequacy of these insurance forms is O.C.G.A. Sec. 33-34-5(b). During the relevant time, that section read:
 
 
 4
 Each application for a policy of motor vehicle liability insurance sold in this state must contain separate spaces for the insured to indicate his acceptance or rejection of each of the optional coverages listed in subsection (a) of this Code section and no such policy shall be issued in this state unless these spaces are completed and signed by the prospective insured.
 
 
 5
 While the interpretation of this Code section has fluctuated considerably,[1] the present test for adjudicating the validity of an insurance form is a standard of substantial compliance with the statute. In State Auto Mutual Insurance Co. v. Horne, 794 F.2d 621 (11th Cir.1986), this Court recognized and applied Georgia's substantial compliance test enunciated by the Georgia Supreme Court in St. Paul Fire & Marine Insurance Co. v. Nixon, 252 Ga. 469, 314 S.E.2d 215 (1984). Referring to the insurance form in Nixon, the Georgia Supreme Court stated:
 
 
 6
 [I]t is clear from the form of the application that the intent of the insured was to reject optional PIP benefits and vehicle-damage protection. Therefore, we hold that "the form is in substantial compliance with the statutory requirement ... and satisfies the intent of the General Assembly to ensure 'that insurers offer optional coverage to applicants for no-fault insurance and that an applicant's waiver of his privilege to obtain optional coverages be made knowingly and in writing.' " (Citations omitted.) (Emphasis in original.)
 
 
 7
 252 Ga. at 470, 314 S.E.2d 215. Based on the language in Nixon, this Court said in Horne that: "[a]n application form thus is in compliance with the statute's requirements if it reasonably evidences the insured's awareness of and rejection of his right to optional no-fault coverages." 794 F.2d at 623.
 
 
 8
 In Tatum v. Dairyland Insurance Co., 805 F.2d 1484 (11th Cir.1986), this Court reviewed the Georgia cases on the issue of substantial compliance and listed several factors that appear influential in determining whether a particular application form substantially complies with the statutory requirements. Id., 805 F.2d at 1487:
 
 
 9
 These factors include: (1) whether the offer of additional coverages is contained on a separate page ... (2) whether the fact that optional coverages are being offered is prominently displayed by a clear heading ... (3) whether optional coverages are presented in clear and easily readable sentences rather than by abbreviations without explanations ... [and] (4) whether the marks in the rejection boxes are handwritten rather than typewritten....
 
 Id. (Citations omitted.)
 
 10
 Applying Georgia's substantial compliance test we hold that Hartford's form adequately meets the requirements of the Georgia statute. The Hartford form, discussing only optional coverages and an authorization for the release of driving records, prominently displays and emphasizes the optional coverages section, the optional coverages are presented in clear and easily readable language, separate clauses and spaces for rejection of each option appear on the form, the marks in the rejection boxes are handwritten--rather than typed, and a related signature line appears at the bottom of the page. (See Appendix I.) As such, we hold that "[t]he form reasonably presents the optional coverages and places a reasonable person in the position of an insured with a clear awareness of the coverages and thus is in 'substantial compliance' with the statute." Horne, 794 F.2d at 623.
 
 
 11
 While reaching this result, we are not unmindful of the similarity of the Hartford form to the Atlanta Casualty form found inadequate by the Georgia Supreme Court in Flewellen v. Atlanta Casualty Co., 250 Ga. 709, 300 S.E.2d 673 (1983).[2] We note, however, that significant changes in the law have occurred since the Georgia court decided Flewellen. Thus, dissenting in Nixon, Justice Clarke of the Georgia Supreme Court characterized the substantial compliance standard as "nothing less than a direct retreat from the position taken by [the] court one year ago in Flewellen." Nixon, 252 Ga. at 471, 314 S.E.2d 215 (Clarke, J., dissenting).
 
 
 12
 Recognizing the radical change in Georgia law since Flewellen was decided, and constrained as we are to apply what we believe to be the applicable law of the state under Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 188 (1938), we hold that Hartford's form substantially complies with the statute notwithstanding the similarity it bears to the form in Flewellen. Accordingly, the order denying the defendants' motion for summary judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
 
 
 13
 REVERSED and REMANDED.
 
 APPENDIX I
 
 14
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 
 [1]
 For a history of how this statute has been interpreted and for background into how the substantial compliance test came about, see Cotton States Mutual Insurance Co. v. Anderson, 749 F.2d 663, 668 (11th Cir.1984)
 
 
 [2]
 The deficiencies of the insurance application form in Flewellen appears to have been the fact that the applicant's signature, although on the same page as the offer of additional coverages, was detached from the offer by the box structure of the form and the pre-printed language unrelated to the offer of optional coverages interposed between the offer and the signature space. See Atlanta Casualty Company v. Flewellen, 164 Ga.App. 885, 300 S.E.2d 166, 172 (1982) (Appendix I). Hartford's application form also appears to have these shortcomings